This action was brought to recover damages, on the part of the plaintiff and respondent, against the defendant, the New York Central Hudson River Railroad Company, appellant, for breach of a contract made and entered into between them in respect to the building of an elevator in the city of New York. There are two separate and independent stipulations in the contract for the breach of each of which plaintiff seeks to recover damages. The instrument provided, among other things, that Gill Mansfield should furnish materials, perform the work in erecting the superstructure of the elevator over the waters, upon piers in the Hudson river between Sixtieth and Sixty-first streets in the city of New York, and should finish the same within five months from the time of the commencement of the work, and should receive as their compensation therefor the sum of $331,500, and the further sum of $500 per day for each day less than that occupied in its construction.
In respect to the time of commencing the work it was provided, "that said parties of the first part hereby further agree to commence the erection of the elevator within five days after notice of the engineer that the foundations are ready, and complete the same ready for use, of all the lofting elevators within five months thereafter." The plaintiff alleges that he performed the work within the time by about thirty days, and was thus entitled to receive under the contract $500 a day for the thirty days, amounting to $15,000. The plaintiff also claims to recover of the defendant damages for not having the foundation ready for the erection of the elevator within five days of the time when defendant, through its engineer, *Page 341 
gave the plaintiff notice that the foundations were ready. The damages he seeks to recover in that regard are for inconvenience and extra work in placing and handling and moving his materials upon and about the premises where the erections were to be made.
The case has been twice tried at Circuit and has been to the General Term three times, and to the Court of Appeals once. On the appeal to the Court of Appeals that court laid down certain principles upon which plaintiff's rights depend under the contract and its several provisions, and is to be found in 102 New York, page 205.
Upon that appeal it was held by this court, in substance, that the two stipulations contained in the agreement for breach of which the action is brought were independent of each other, and that the plaintiff could, upon proper proof, recover the $500per diem for the time that was unexpired for the completion of the structure; and that, also, upon proper proof he was entitled to recover any damage which he sustained by reason of the extra work and moneys paid out in the doing of the work or that portion of the work which he did before the foundations were in the condition required to be by the contract.
The case, of course, must be disposed of upon this appeal in accordance with the principles laid down in the former appeal, and it is not perceived, upon an examination of the case as now presented, but that the last trial was conducted in accordance with the principles thus laid down by the court on the former appeal. Hence we perceive no error in those respects. The question in regard to the rule of damages, so far as interest was concerned, at least upon the sums which plaintiff might prove and become entitled to under the rulings on the former appeal, were not disposed of by the court on the former appeal, but were left to be raised upon such evidence and findings as should be had upon a subsequent trial. Upon the last trial the plaintiff proved, and the jury found, upon sufficient proof, in our judgment, that the plaintiff was entitled to recover $500 per day for the thirty days between the commencement of the work, within which the work could have been done if the foundations *Page 342 
had been completed, and the five months the defendant was allowed to complete it in. This was within the principle decided by this court that the plaintiff might recover in this action. They also found the damages which the plaintiff had sustained by reason that the foundations were not in the condition required to be by the contract was $802.
According to my apprehension of the case upon this appeal, the only question for our consideration remaining is, whether or not the plaintiff is entitled to recover interest upon these two sums as found by the jury, or upon either of them, as damages. The general rule, no doubt, is, that interest cannot be allowed upon claims for unliquidated damages, but by legislation in some instances or, in respect to a certain class of actions and by decisions of courts, cases of unliquidated damages, in which interest will not be allowed, are becoming more rare. We think the rule still is, that, where the damages are entirely unliquidated, and where the jury have to take numerous elements of uncertainty and doubt and speculation into account in rendering a verdict, the old rule still applies. But where the elements which enter into and form a part of the considerations which the jury are to determine upon in respect to the amount of damages are simple and reasonably certain, the tendency of the decisions of the court is in the direction of an extension of the rule in various cases of unliquidated damages where formerly the rule of allowing interest would not be permitted. It is done for the purpose of making a party who has sustained damage by reason of the failure of another party to perform his agreement, somecompensation or some indemnity for the loss which he hassustained. Some cases have left this question doubtful, whether in the cases where a party may be entitled to interest the jury may find that interest as damages in their discretion, or whether the court, as matter of law, may direct, if they find a verdict for a party, to also include in or to add to the amount of damages the interest which has accrued from the time of the commencement of the suit, or from some former time when the cause of action accrued, or a demand of payment was made. Whether *Page 343 
or not it should have been left to the jury, in their discretion, to allow interest as damages is not a matter of any importance in this case; that is, if the court would have been authorized, as a matter of law, to direct the jury to include in the damages assessed by them also the interest upon such damages as they found, then the jury having allowed the plaintiff to recover interest from the time of the commencement of the action on both the sums for damage which they found for plaintiff, the same result has been reached.
The question, then, recurs whether or not the plaintiff was entitled to interest as matter of law or have it submitted to the discretion of the jury whether interest should have been allowed upon these two claims for damages as found by the jury. There would not seem to be many elements of uncertainty or speculation in the claim of $500 a day for thirty days. The only thing the jury had to do in respect to that claim was, under the charge of the court and upon the whole evidence in the case, to determine how many days short of the five months the plaintiff did complete this elevator in; and, further, how many other days less than five months he might have completed the contract in if the foundations had been ready as agreed.
The amount per day was fixed by the agreement of the parties at $500. Hence to ascertain the amount the plaintiff was entitled to in this respect, was simply to take the number of days which were and might have been saved from the whole period of five months in the construction of the building, which was thirty (as found by the jury), and multiply that thirty by five hundred, and to cast the interest upon that product from the commencement of the suit until the day of the trial. That certainly was not a difficult thing to do, and there was no element of uncertainty about it except the number of days they should determine, from the evidence, had been saved from the five months. The other claim, which was fixed by the verdict of the jury at $802, did not contain a great many elements of uncertainty, for every element could be established quite accurately and plainly by the evidence in the *Page 344 
case. The plaintiff, by himself and his witnesses, were called upon and stated how much less work would have been required, or how much more expense attended the beginning and progress of the work for the first few days on account of the unpreparedness of the foundations. That could be easily arrived at by anyone who was familiar with that kind of work, and as the work was done by the plaintiff's workmen, in the presence of numerous others, who were competent to testify, and as they were the witnesses who gave evidence, and as there was nothing about it but that was visible and capable of easy calculation, it would not seem to have been a case where there were many elements of uncertainty and that were speculative, involved in the ascertainment of that amount; and that amount having been ascertained, the computation of the interest was, of course, within the qualification of every juror.
It seems to me that there are many cases reported in which interest from the commencement of the action has been allowed and approved by the court, where the elements of uncertainty were much more numerous and of much more difficult ascertainment.
The cases referred to and relied upon by appellant's counsel were cases in 108 New York, 557, and in White v. Miller
(71 N.Y. 118, and the same case cited again at 78 N.Y. 393). In those cases interest was not allowed, for the reason that the demand was unliquidated, and was so dependent upon various uncertain and speculative elements that the court was unwilling to allow it.
The latter case was an action to recover damages for a breach of warranty in the sale of cabbage seeds. They had been sold and represented upon the sale to have been seed of a particular kind, and that they would produce a crop of a certain character. It turned out that the seeds were defective, of a different kind, and did not produce the crop which the party sought to raise. The plaintiff sought, in that action, to recover the difference in the value of the crop as raised from imperfect seed of a different character from the value of a crop, such as would be produced from the seed of another *Page 345 
kind which he sought to purchase. The court allowed him to recover that difference, but this court, upon appeal, held that there were too many elements of uncertainty, such as the weather, the kind of soil, the rains and drouths, etc., to allow interest in such a case or upon such a recovery. In the other case cited by appellant's counsel, the case of McMaster v. State of NewYork (108 N.Y. 542), was a claim arising from the breach of a contract to construct a number of public buildings for the state in the city of Buffalo, thirteen in number. The contractor was to furnish and dress the stone and deliver them upon the premises, and after he had done so in sufficient quantity for some six or seven of the buildings the contract was broken by the other side. He sought to recover his damage by reason of his being compelled to abandon the contract. The court in that case held that as there entered into the damage, which he got an award for, such uncertain elements, to wit, how much he would have made if he had been allowed to go on and finish the construction, the cost of the stone and dressing of them, the value of the stone which were left upon the ground at the time the state abandoned the contract, and more especially because there was involved in that ascertainment of damages the time which he would save, and the work and labor and responsibility which were saved him from completing the job, that those constituted too uncertain elements in a case of unliquidated damages to warrant the allowance of interest. But, in a numerous class of cases, it seems to me the court has allowed interest, either directing it as a matter of law in a class of cases, or submitted it to the discretion of the jury in other cases in the nature of compensation or indemnity. And such cases are to be found in McMahon v. New York and ErieRailroad Company (20 N.Y. 463); Van Rensselaer v. Jewett
(2 id. 135); Parrott v. Knickerbocker Ice Company (46 id. 361). In the latter case the court approved of the action of the judge in leaving the question to the jury whether the allowance of interest was not necessary in order to give the plaintiff proper and just compensation. *Page 346 
The claim on which the interest was allowed in this case was for services, or in the nature of services or extra services, rendered by the plaintiff for the defendant, and the courts have gone by recent decisions, and should go beyond the earlier decisions, for the purpose of indemnifying the party who has kept his contract against loss occasioned the party breaking it.
We have carefully studied the very able brief of appellant's counsel, and we have been unable to perceive, either in the reception or rejection of testimony, or in the charge to the jury, any violation of well-settled principles in this class of cases or any departure from the principles laid down in this case on the former appeal in the able opinion of Judge RUGER in this court. We have also looked with some degree of care at the exceptions to evidence and to the judge's charge, and we do not perceive any error that should justify another trial of this action.
I think that the allowance of interest from the time of the commencement of the action to the day of the trial was proper, and the judgment should, therefore, be affirmed, with costs.
All concur with POTTER, J., except upon the question of interest, upon which question all concur with BRADLEY, J., except POTTER, J.
Judgment modified by striking out allowance for interest.