Bronson, J.
It is unnecessary to inquire what should have been the rule in apportioning the rent; for as the proof stood when the motion for a nonsuit was made, the plaintiff was clearly entitled to recover something, and the motion was therefore properly overruled. The question was not raised in any other form than by the motion for a nonsuit.
The only question is on the allowance of interest. The pay. ment was not to bemade in money, nor was a specified sum to be paid in any other way. The damages were unliquidated ; *140 and there was no agreement for interest. As the authorities bearing on the question have been very fully considered by the supreme court in this, and another case which will be mentioned, it cannot be necessary to review them on the present occasion. It was decided in 1806, without assigning any reason for the judgment, that interest was not recoverable in a case of this kind. (Van Rensselaer v. Platner, 1 John. 276.) But since that time the supreme court has deliberately held, on three several occasions, including the present one, that interest is recoverable in such a case. (Lush v. Druse, 4 Wend. 313; Van Rensselaer v. Jones, 2 Barb. 643.) The principle to be extracted from these decisions may be stated as follows : Whenever a debtor is in default for not paying money, delivering property, or rendering services in pursuance of his contract, justice requires that he should indemnify the creditor for the wrong which has been done him; and a just indemnity, though it may sometimes be more, can never be less, than the specified amount of money, or the value of the property or services at the time they should have been paid or rendered, with interest from the time of the default until the obligation is discharged. And if the creditor is obliged to resort to the courts for redress, ne ought, in all such cases, to recover interest, in addition to the debt, by way of damages. It is true that on an agreement like the one under consideration, the amount of the debt can only ne ascertained by an inquiry concerning the value of the property and services. But the value can be ascertained; and.when that has been done, the creditor, as a question of principle, is' just as plainly entitled to interest after the default, as he would be if the like sum had been payable in money. The English courts do not allow interest in such cases; and I feel some difficulty in saying that it can be allowed here, without the aid of an act of the legislature to authorize it. But the courts in this and other states have for many years been tending to the conclusion which we have finally reached, that a man who breaks his contract to pay a debt, whether the payment was to be made in money, or in anything else, shall indemnify the creditor, so far as that can be done by adding interest to the amount ot *141 damage which was sustained on the day of the breach. The rule is just in itself; and as it is now nearly nineteen years since the point was decided in favor of the creditor, and eight out of nine judges of the supreme court have, at different times, concurred in that opinion, we think the question should be re garded as settled.
New trial denied.

 Livingston v. Miller, 11 N. Y. 80.