George H. Mercer, Respondent v. Francis Vose, Appellant.

One who has himself rendered services to another is competent to give evidence as to the value of the services.

Witnesses having peculiar knowledge as to services rendered, and some general knowledge of the value thereof, may give opinions as to the value, based either upon their own knowledge or upon a hypothetical case, including some or all of the facts proved.

In an action to recover a balance alleged to be due for services upon a *quantum meruit*, it appeared that when plaintiff left defendant's employ he demanded his pay, and that the action was commenced in about a month thereafter; the referee allowed interest upon the balance found due from the time of the demand. *Held*, that plaintiff was, at least, entitled to interest from the commencement of the action, and the error, if any, in allowing it from the time of the demand, was not sufficiently substantial to call for a correction here, particularly in the absence of a specific objection pointing out the deduction required.

(Argued June 14, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts appear sufficiently in the opinion.

*Samuel Hand* for the appellant. The referee erred in overruling defendant's objection to admitting in evidence the opinion of plaintiff and his other witnesses as to the value of his services. (*Hoyt* v. *L. I. R. R. Co.*, 57 N. Y., 678; *Slater* v. *Wilcox*, 57 Barb., 604; *Harris* v. *Panama R. R. Co.*, 3 Bos., 7; 1 Greenl. on Ev., §§ 440, 554; 1 Phil. on Ev., 290, 291; 3 C. & H. Notes, 759–763; 2 Taylor on Ev., 1226–1233; *Lamoure* v. *Caryl*, 4 Den., 370; *Perrine* v. *Hotchkiss*, 58 Barb., 77; *Van Zant* v. *Mut. B. L. Ins. Co.*, 55 N. Y., 69.) It was error to allow interest on the services from November 21, 1871, to March 21, 1873. (*Godfrey* v. *Moser*, 5 T. & C., 675; *Smith* v. *Viele*, 60 N. Y., 106; *Reid* v. *V. R. Glass Co.*, 3 Cow., 393; *Van Buren* v. *Van Gasbeck*, 4 id., 496; *McMahon* v. *N. Y. C. R. R. Co.*, 20 N. Y., 463, 469; *Newlin* v. *Lyon*, 49 id., 661.)

*Osborne E. Bright* for the respondent. Plaintiff was entitled to recover interest. (*Van Rensselaer* v. *Jewett*, 2 N. Y., 135; *Adams* v. *Ft. Plain Bk.*, 36 id., 261; *Livingston* v. *Miller*, 11 id., 80; *Dana* v. *Fielder*, 12 id., 40; *B. and H. T. Co.* v. *City of Buffalo*, 58 id., 639; *Hover* v. *Heath*, 5 T. & C., 488; *McMahon* v. *N. J. and E. R. R. Co.*, 20 N. Y., 469.)

EARL, J. This is an action by the plaintiff to recover for his services rendered to the defendant in New York and Florida in and about the collection of certain demands and in the attempt to adjust certain complicated business matters of the defendant. The parties were sworn and differed widely in their evidence as to the arrangement between them. It is quite uncertain what the arrangement was, but the referee

having found it to be, as claimed by the plaintiff, upon sufficient evidence, and his finding having been affirmed at General Term, we must take the facts to be as found by him.  It only remains, therefore, for us to consider certain exceptions taken to the rulings of the referee during the progress of the trial.

The opinion of the plaintiff and his witnesses as to the value of his services were properly received.  Witnesses may give opinions as to the value of services of which they had peculiar knowledge, which a jury is not supposed to possess.  They may base their opinions upon what they know of the services rendered, or upon a hypothetical case, including some or all the facts proven and the jury will determine from the skill of the witnesses and all the other circumstances the weight to be given to the opinions.  (*Lamoure* v. *Caryl*, 4 Denio, 370; *Scott* v. *Lilienthal*, 9 Bos., 225; *Jackson* v. *N. Y. C. R. R. Co.*, 2 N. Y. S. C. [T. & C.], 653.)  As to the plaintiff he knew all about the services he rendered and he had some general knowledge of the value of such services. I can conceive of no case where one has himself rendered a service to another, when he will not be competent to give evidence of its value.  Knowing the precise nature of the service rendered, he must have some knowledge of its value, and he is thus competent to give his opinion.  It may not be worth much.  Its weight, however, is for the jury.  The other witnesses were well acquainted with the plaintiff, and his business capacity, and had some general knowledge of the value of such services as he rendered.  Their business had been such as to make them acquainted with the prices paid for such services, and their opinions were based upon a hypothetical case stated to them, and were properly received.

The referee found the balance due the plaintiff at the time he left defendant's service and demanded his pay, and then on that balance allowed interest from that time to the date of his report.  This allowance of interest is now complained of as error.  The account for services was not liquidated, and as to the balance recovered, the allowance was based upon a *quantum meruit.*  Upon the facts of this case, the plaintiff was entitled to

recover interest at least from the commencement of the action. (*McCollum* v. *Seward*, 62 N. Y., 316.) And as the action was commenced in about one month after the date taken by the referee, the error, if any, in the allowance of interest, is not sufficiently substantial to call for any correction here, particularly in the absence of any specific exception pointing out the trifling reduction required.

We have carefully examined all the other allegations of error and find none of them well taken.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.