LEWIS WHITE et al., Respondents, v. CHAUNCEY MILLER, Surviving Trustee, etc., Appellant.

In an action to recover damages for a breach of warranty in the sale of cabbage seed, *held*, that the proper measure of damages was the difference in value between the crop raised from the defective seed, and a crop of the kind of seed represented, such as would ordinarily have been produced that year; but that plaintiff was not entitled to any interest on the amount so found.

In an action upon a claim of such a nature that it does not draw interest from an earlier date, interest cannot be allowed from the time of the commencement of the action, unless the claim be such that interest could be set running by a demand, in which case the commencement of the action is a sufficient demand.

The authorities upon the subject of the allowance of interest in common law actions collated and discussed.

(Argued October 1, 1879; decided October 14, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiffs, entered upon a verdict.

The nature of the action and the facts are set forth sufficiently in the opinion.

*R. W. Peckham*, for appellant. The judge erred in charging the jury that interest should be added to the damages ascertained by them. (*McMahon* v. *N. Y. and Erie R. Co.*, 20 N. Y., 463; *Van Rensselaer* v. *Jewett*, 2 id., 135; *Passenger* v. *Thorburn*, 34 id., 634.)

*Esek Cowen*, for respondents. Plaintiffs were entitled to interest on the damages from the commencement of the action. (*Van Rensselaer* v. *Jewett*, 2 N. Y., 135; *Van Buren* v. *Van Gaasbeck*, 4 Cow., 496; *Tucker* v. *Ives*, 6 id., 193; *McKnight* v. *Dunlop*, 4 Barb., 36; *Barnard* v. *Bartholemew*, 22 Pick., 291; 22 Maine, 161; *Mygatt* v. *Wilcox*, 45 N. Y., 306; *Feeter* v. *Heath*, 11 Wend., 477–484; *McCollum* v. *Seward*, 62 N. Y., 316; *Mercer* v. *Vose*, 67 id., 56.) The interest should have been allowed by way of full indem-

nity to the plaintiff. (*Fishkill* v. *Winans*, 38 Barb., 230; *Wells* v. *Selswood*, 61 id., 238.)

EARL, J. This is an action to recover damages for a breach of warranty in the sale of cabbage seeds. The warranty, as alleged and found, is that the seeds were Bristol cabbage seeds; and it was found that they were not, and that they did not produce Bristol cabbages. The rule of damages, as laid down by the trial judge in his charge to the jury, was in conformity with the decision of this court when the case was here upon a prior appeal (71 N. Y., 118), the difference in value between the crop actually raised from the seed sown and a crop of Bristol cabbage, such as would ordinarily have been produced that year. The judge also charged the jury that if they found for the plaintiffs, they should also allow them interest upon the amount of damage from the commencement of the suit, April 15, 1869, to the day of their verdict, May 30, 1878. The jury found the damage to be $2,000, and the interest upon this sum to be $1,277.49, and gave plaintiffs a verdict for the amount of the two sums. The defendant excepted to the charge as to interest, and this exception presents the only question for our consideration.

The law in this State as to the allowance of interest in common law actions is in a very unsatisfactory condition. The decisions upon the subject are so contradictory and irreconcilable that no certain rule for guidance in all cases can be deduced from them.

The common law rule, as expounded in England, allowed interest only upon mercantile securities, or in those cases where there had been an express promise to pay interest, or where such promise was to be implied from the usage of trade. (Mayne's Law of Damage [2d ed.], 105; *Higgins* v. *Sargent*, 2 B. & C., 349.) In the absence of these conditions, interest was not allowed in an action for money lent, or for money had and received, or for money paid, or on an account stated, or for goods sold, even though to be paid

for on a particular day, or for work and labor. (*Gordon* v. *Swan*, 12 East, 419; *Calton* v. *Bragg*, 15 id., 223; *Walker* v. *Constable*, 1 B. & P., 306; *Carr* v. *Edwards*, 3 Starkie, 132; *Nichol* v. *Thompson*, 1 Camp., 52, n.; *Trelawney* v. *Thomas*, 1 H. Bl., 303.)

Thus the law remained in England until the statute of third and fourth, William IV, which provides that upon all debts or sums certain, and in actions of trover and trespass *de bonis asportatis*, and in actions upon policies of insurance, the jury may in their discretion allow interest as part of the recovery.

We have no statute in this State regulating the allowance of interest in such cases. The rule early adopted here upon the subject was more liberal than that adopted in England. The allowance of interest was at first mainly confined to cases coming within the common law rule as above defined, and to actions to recover money wrongfully detained by the defendant. The rule was then extended so as to allow interest upon the value of property unjustly detained or wrongfully taken or converted, and for goods sold and delivered, and for work and labor; and thus, by a sort of judicial legislation, the allowance of interest, as a legal right, was carried much further here than the scope of the English statute where the allowance was placed simply in the discretion of the jury. At first the allowance of interest in actions of trover and trespass *de bonis asportatis* was in the discretion of the jury. Now it is held to be matter of legal right. Down to a recent period interest was not allowed upon unliquidated accounts or demands. Now that last landmark has been swept away, and the sole fact that a demand has not been liquidated is not a bar to the absolute legal right to interest.

A reference to a few recent decisions will show the present state, or as I might with propriety say, the uncertain state of the law upon the subject.

In *Van Rensselaer* v. *Jewett* (2 N. Y., 135), the action was to recover rent payable in produce and work; and it was

held that the plaintiff was entitled to recover interest from the time the rent fell due. It was admitted by Judge BRON-SON, writing the opinion, that the damages were unliquidated, and that there was no agreement for interest. He, however, laid down the general rule thus : Whenever a debtor is in default for not paying money, delivering property, or rendering services in pursuance of his contract, he is chargeable with interest, from the time of default, on the specified amount of money, or the value of the property or services, at the time they should have been paid or rendered. In *Dana* v. *Fiedler* (12 N. Y., 40), the action was on a contract to recover damages for the non-delivery of merchandise ; and it was held that the plaintiff was entitled to recover not only the difference between the contract-price and the market-value, but also the interest on such difference ; and that the allowance of interest did not rest in the discretion of the jury. In *McMahon* v. *The New York and Erie R. R. Co.* (20 N. Y., 463), it was held that interest could be allowed upon an unliquidated disputed claim for work under a contract for the construction of a railroad. The allowance was based upon the curious ground that the debtor was in default for not having taken the requisite steps to ascertain the amount of the debt. In this case, Judge SELDEN, speaking of the case of *Van Rensselaer* v. *Jewett*, said that that case went a step further in the allowance of interest than the prior cases, "and allowed interest upon an unliquidated demand, the amount of which could be ascertained by computation, together with a reference to well established market-values ; because such values in many cases are so nearly certain that it would be possible for the debtor to obtain some proximate knowledge of how much he was to pay." In *Adams* v. *Fort Plain Bank* (36 N. Y., 255), and *Mygatt* v. *Wilcox* (45 id., 306), it was held that interest could be recovered in an action by an attorney upon his account for services. The value of the services does not seem in either case to have been disputed. In the first case, it was held that interest could be recovered from the time payment for the services was due ; and in the latter

case, it was held that it could be recovered from the time the account was rendered by the attorney to his client. The right of recovery was based upon the theory that there was default in paying money due. In both cases, the account appears to have been substantially liquidated, the liability to pay alone being litigated. In *Smith* v. *Velie* (60 N. Y., 106), the action was to recover for services as housekeeper for defendant's intestate during many years. The plaintiff had from time to time received money and goods to apply upon her account. There was no agreement as to the measure of compensation, and it was held that the account was unliquidated, and that interest was not recoverable, even from the death of the intestate, as there was not a fixed market-value by which the rate of wages could be determined. In *McCollum* v. *Seward* (62 N. Y., 316), the action was upon an unliquidated disputed claim for work and labor, and the referee allowed interest from the commencement of the action ; and this, upon the appeal of the defendant, was held not to be erroneous. In *Mercer* v. *Vose* (67 N. Y., 56), the action was to recover for services rendered by the plaintiff to the defendant. The claim was unliquidated and contested. The referee allowed interest upon the balance found by him from the time plaintiff left defendant's service, and demanded his pay. The action was commenced in about a month after such demand was made, and it was held that plaintiff was entitled to recover interest at least from the commencement of the action, and that if there was any error in allowing interest from an earlier date, it was too trifling to require correction. Upon the prior trial of this action, interest was allowed from the time a crop could have been harvested and sold, if the seed had been as warranted. This was held by this court to have been erroneous, on the ground that " the demand was unliquidated and the amount could not be determined by computation simply or reference to market-values."

This brief presentation of decided cases shows how difficult it is to deduce from them any certain rule as to the allowance of interest. A statute could probably be framed

which would produce more certain, if not juster results. But it must be seen that to uphold this judgment, the rule as to the allowance of interest must be carried at least one step further than it has ever yet been carried; and we are unwilling that the step should be taken in this case.

After a very thorough examination of the cases in England and this country, I have not been able to find one, prior to this one, in which it has been held that in a case where the claim was such as not to draw interest from an earlier date, interest could be allowed from the commencement of the action, unless the claim was such that the interest could be set running by a demand, the commencing of the action in such case being a sufficient demand.

In *Feeter* v. *Heath* (11 Wend., 479), the action was to recover for work, labor and materials. There was no dispute as to the amount of plaintiff's claim; the only dispute was whether the defendant was personally responsible for the same. The agreement was to pay the plaintiff upon performance of his contract; and the court held that he was entitled to interest at least from the commencement of the action, as that was a legal demand of payment. Under the contract the plaintiff was entitled to interest from the time his money was due; and that was either when he finished his contract, or when he presented his bill and demanded payment; and the court held that the commencement of suit was a sufficient demand. If a demand was necessary, under the circumstances of that case, a demand before suit would have been just as effectual, for the purpose of the interest allowance, as the demand by the commencement of suit; and if such a demand had been made, the plaintiff would have been entitled to interest at least from the time of such demand. In *McCollum* v. *Seward* (*supra*), the referee allowed interest from the commencement of the suit; and that was held not to be erroneous. It was not decided that it would have been erroneous to have allowed interest from an earlier date; and the same is true of the case of *Mercer* v. *Vose*. If in each of those two cases an account

had been made and presented to the debtor, and payment demanded, it is probable that the court would have sustained an allowance of interest, from such demand.

In *Barnard* v. *Bartholomew* (22 Pick., 291), the action was to recover a balance of account for money and professional services; and it was held that "interest is to be allowed where there is an express promise to pay it, or where there is a usage proved from which the jury may infer a promise to pay; and also it may be given as damages for the detention of a debt after the time when due by the terms of the agreement, or for neglect to pay a debt after a special demand." In *Amee* v. *Wilson* (22 Maine, 116), the action was upon an account for goods sold and delivered; and it was held that the plaintiff would be entitled to interest prior to the commencement of the suit, "by proof of an agreement to pay it, or by proof of a demand of payment, anterior to the date of the writ."

The cases last cited tend to show that where an account for services, or for goods sold and delivered, which has become due and is payable in money, although not strictly liquidated, is presented to the debtor and payment demanded, the debtor is put in default and interest is set running; and that, if not demanded before, the commencement of suit is a sufficient demand to set the interest running from that date. But there is no authority for holding in a case like this, where the claim sounds purely in damages, is unliquidated and contested, and the amount so uncertain that a demand cannot set the interest running, that it can be set running by the commencement of the action. Why should the commencement of an action have such effect? The claim is no less unliquidated, contested and uncertain. The debtor is no more able to ascertain how much he is to pay. No new element is added. The conditions are not changed, except that the disputed claim has been put in suit; and there is no more reason or equity in allowing interest from that than from an earlier date. If interest as a legal right can be allowed in this case from the commencement of the

action, then it must be allowed from the same date in all actions *ex contractu*, and logically it would be impossible to refuse it in actions *ex delicto*.

Therefore when this court, upon the prior appeal, decided that the nature of this claim was such that interest could not be allowed thereon from a time anterior to the commencement of the action, it really decided the question now presented.

The judgment of the General Term must therefore be reversed, and the judgment entered upon the verdict must be modified by striking therefrom the sum of $1,277,49; and as thus modified, it must be affirmed, without costs to either party as against the other upon the appeal to the General Term and to this court.

All concur.

Judgment accordingly.