Barnard, P. J.
contractors were entitled to have the foundation ready ■at least so far as to enable the contractor to prosecute the work to the utmost advantage and economy. It was not a waiver of their rights in respect to commencing the work under a protest that the contractors would waive no rights secured to them under the contract. Mansfield v. New York Central, etc., 102 N. Y., 205; 1 N. Y. State Rep., 390.
The law of the case being thus settled, the question was left to the jury to determine whether or not the defendant’s engineer gave the notice called for by the contract. When the foundation was ready to begin the superstructure, the foundations were actually then in such a condition as to enable the contractors to go on with the work with the utmost advantage and economy. The jury found they were not. By the contract $500 per day in addition to the ■contract price was to be allowed the contractors for every day less than five months it took them to complete the elevator. The jury have found that the ■contractors could have done the work in thirty days less than five months, and for this they allowed $15,000. If this sum had been in fact earned by a conpletion of the same in a term less by the thirty days the money would have been payable immediately.
With the finding of the jury it was legally so payable at the end of five months from the commencement of the contract. Compensation for the *872 breach of contract involves the payment of the interest on the sum of damages when liquidated by the jury from the time it should have been paid. The jury allowed an item of $302 for extra expense in carrying out the contract by reason of defendant’s failure to complete the foundation. The recovery of this item is involved in the decison of the court of appeals. If the defendant were bound to do an act in advance before the contractor commenced, and tailed to do so, the principle was decided that the contractors waived no rights and that they could recover damages suffered by this default of the defendant. Three hundred and two dollars would have been saved to them had the defndant performed the conditions precedent which the contract called for. Interest on on this sum is properly allowed as a measure of compensation. The injury should have been made good by payment at the time and interest for such time as it remains unpaid is the universal rule in such cases. Van Rensselaer v. Jewett, 2 N. Y., 135.
Dykman and Pratt, JJ., concur.