LUTHER E. MANSFIELD, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

In an action to recover unliquidated damages for breach of contract, unless the means are accessible to the party sought to be charged of ascertaining, by computation or otherwise, the amount to which plaintiff is entitled, he may not be allowed interest on the amount of damages found, and the submission of the question as to such allowance to the jury is error.

The question whether interest is recoverable in actions on contract does not rest in the discretion of a jury, but is one of law for the court.

G. & M. contracted to construct for defendant the superstructure of an elevator, they to commence work within five days after notice from defendant's engineer that the foundations were ready, and to complete the structure within five months thereafter. Defendant agreed to pay, in addition to the contract-price, $500 for each day less than the time

allowed occupied in the work; said engineer served the required notice, but at the time the foundations were not ready. In an action upon the contract plaintiff claimed, and the jury found, that had the foundations been completed and he not delayed by their unfinished condition, he would have completed the work thirty days before the end of the five months, for which he was allowed $500 per day; he also claimed, and was allowed, damages for the inconvenience and extra work caused by the unfinished condition of the foundations. The court submitted to the jury the question and they allowed interest on the damages found. *Held* (POTTER, J., dissenting), error; that plaintiff was not entitled to interest on either item of damages.

But *held*, that the provision as to the *per diem* allowance was a valid agreement based upon a good consideration; and as the contractors, without fault on their part, were denied the right to perform, they were entitled to the benefits which would have resulted from performance, and so were entitled to the allowance for the thirty days.

*Parrott* v. *K. Ice Co.* (46 N. Y. 361); *Mairs* v. *M. etc., Assn.* (89 id. 498); *Walrath* v. *Redfield* (18 id. 457); *Duryee* v. *Mayor, etc.* (96 id. 477); *Van Rensselaer* v. *Jewett* (2 id. 135); *Dana* v. *Fiedler* (12 id. 40); *McMahon* v. *N. Y. & E. R. R. Co.* (20 id. 463); *McCollum* v. *Seward* (62 id. 316); *Mercer* v. *Vose* (67 id. 56); *Newell* v. *Wheeler* (36 id. 244); *Mygatt* v. *Wilcox* (45 id. 306) distinguished.

Reported on a former appeal, 102 N. Y. 205.

(Argued March 20, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 13, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for alleged breach of a contract made between the firm of Gill & Mansfield, contractors, and the defendant, for the construction by the former for the latter of a grain elevator.

Gill assigned his interest in the contract to Mansfield, the plaintiff.

The clauses of the contract, so far as material, are as follows:

"The said parties of the first part hereby further agree to commence the erection of the elevator within five days after notice from the engineer that the foundations are ready, and to complete the same, ready for use, of all the lofting elevators, within five months thereafter.

"In consideration of the faithful performance of all the. covenants and agreements herein contained by the parties of the first part to this agreement, the said party of the second part hereby agrees to pay to the said parties of the first part the above-named sum of ($331,500) three hundred and thirty-one thousand five hundred dollars, and in addition thereto the sum of five hundred dollars for each and every day that the elevator shall be completed, as aforesaid, in advance of the expiration of the five months from the time of commencement, as hereinbefore fixed and agreed upon."

On June 22, 1876, defendant's engineer served upon the contractors a notice as follows : " I hereby notify you that the foundations are ready for you to commence the erection of the superstructure, and that the five months allowed for the completion of said elevator will begin on the 27th inst., being five days from the date of this notice." Plaintiff claimed and gave evidence tending to show that at the date of this notice the foundations were not nearly completed ; that upon its receipt they sent to defendant a written communication stating this fact, and protesting against being required to go on with the contract at that time and until the foundations were completed ; that under an arrangement with said engineer, and at his request that they should begin the work, and his promise that no advantage should be taken of them, they did commence the work ; that the foundations were not actually completed until August 24, 1876 ; that the work was completed, to the use of the lofting elevators, December 24, 1876, and that if the foundations had been ready at the time of the service of the notice, the contract could have been completed in less than four months. Plaintiff claimed as damages the $500 allowance for thirty days, also damages for the inconvenience and extra work and expenses caused by the unfinished condition of the foundations.

The court directed the jury, if they found for the plaintiff, to render a general verdict, and also to answer the following questions :

" How much is the plaintiff entitled to recover on account

·of being prevented from finishing the work in less than five months? How much is the plaintiff entitled to recover for extra expense in handling material, and how much, if anything, should be awarded the plaintiff for interest?"

To the submission of the question as to interest defendant's counsel duly excepted.

The jury found a general verdict in favor of plaintiff in the sum of $23,900.57, and to the questions submitted by the court, answered:

"I.— 30 days, @ $500 per day, $15,000.

"II.— $802.

"III.— $8,098$\frac{57}{100}$."

*John E. Burrill* for appellant. There was no consideration existing at the time for the defendant's promise to pay the $500 per day; it was like an offer or an option, and was conditional on performance, in which case it is well settled that no recovery can be had except in case of actual performance. (*Miller* v. *McKenzie,* 95 N. Y. 575; *Todd* v. *Weber,* Id. 192; *Sands* v. *Crooke,* 46 id. 564, 570; *White* v. *Baxter,* 71 id. 254.) Defendant had the right to revoke its promise, even though the plaintiff had made preparations for its performance, or had incurred some liability or expense with a view to undertaking the performance of it in reliance on the promise; but in the latter case the plaintiff would be entitled to recover from the defendant compensation for what he had so done, or for the expenditure or liability which he had so incurred. (*U. S.* v. *Behan,* 110 U. S. 338.) Under no circumstances and on no principle could the plaintiff in such case recover the sum which had been agreed to be paid only on the performance of the condition. (*Dubois* v. *D. & H. C. Co.,* 4 Wend. 285.) Plaintiff was not entitled to recover the $500 per day on the principle of " gains prevented." (*United States* v. *Speed,* 8 Wall. 77; *McMaster* v. *State,* 108 N. Y. 557; *U. S.* v. *Behan,* 110 U. S. 338, 344; *Griffin* v. *Colver,* 16 N. Y. 489, 495; *Passinger* v. *Thorburn,* 34 id. 634; *White* v. *Miller,* 71 id. 118, 133; *Masterton* v. *Mayor, etc.,* 7 Hill, 61;

*Messmore* v. *N. Y. S. & L. Co.*, 40 id. 422.) In case of unliquidated claims interest is not allowable, even from the commencement of the action. (*McMaster* v. *State*, 108 N. Y. 557; *White v. Miller*, 71 id. 118; 78 id. 393.)

*W. W. Mac Farland* for respondent. Defendan was bound under the contract to have the foundations ready at the time of requiring plaintiff's firm to commence the work so that it could be proceeded with to the utmost advantage and economy. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205.) Gains prevented as well as losses sustained may be recovered as damages for a breach of contract where they can be rendered reasonably certain by evidence, and have naturally resulted from the breach. (*White* v. *Miller*, 71 N. Y. 118, 133; 78 id. 393; *Passinger* v. *Thorburn*, 34 id. 634; *Milburn* v. *Belloni*, 39 id. 53; *Masterton* v. *Mayor, etc.*, 7 Hill, 63; *Griffin* v. *Colver*, 16 N. Y. 489; *Messmore* v. *N. Y. S. & L. Co.*, 40 id. 422.) If by any act or omission of duty on the part of the defendant the contractors were hindered in the prosecution of the work and subjected to increased expense, the plaintiff was entitled to recover as damages such additional amount as was required to be expended to complete the contract. (*Allamon* v. *Mayor, etc.*, 43 Barb. 33; *Starbird* v. *Barrons*, 38 N. Y. 230, 239; *Cross* v. *Beard*, 26 id. 85, 88; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 id. 205, 211.) The sole fact that a demand has not been liquidated is not a bar to the absolute legal right to interest. (*White* v. *Miller*, 78 N. Y. 303–305, 393; 71 id. 118; Sedg. on Damages [5th ed.] 432–440; *Parrott* v. *K. & N. Y. Ice Co.*, 46 N. Y. 361–369; *Van Rensselaer* v. *Jewett*, 2 id. 135; *Dana* v. *Fiedler*, 12 id. 40; *McMahon* v. *N. Y. & E. R. Co.*, 20 id. 463; *Mairs* v. *M. R. E. Assn.*, 89 id. 498–507; *Walrath* v. *Redfield*, 18 id. 457; *Duryee* v. *Mayor, etc.*, 96 id. 477–499; *McCullom* v. *Seward*, 62 id. 315; *Mercer* v. *Vose*, 67 id. 56; *McMaster* v. *State*, 108 id. 542.) In all cases where interest is not a matter of express stipulation in contracts, it is adopted by the law as a just and convenient instrumentality and aid in enforcing the

rule of just compensation, whether the case arises *ex delicto* ,or *ex contractu.* (*White* v. *Miller*, 71 N. Y. 118; 78 id. 393; *McMaster* v. *State*, 108 id. 542; 43 id. 372; 89 id. 507.)

BRADLEY, J.   I think the defendant's exception was well taken to the submission to the jury of the question of interest upon the amount of damages they should find against the defendant.   The action was to recover for breach of contract. In such cases whether interest is recoverable does not rest in the discretion of the jury, but it is a question of law for the court, while in actions sounding in tort when the recovery of interest is permissible it is, with some exceptions, a question for the jury.   (*Duryee* v. *Mayor, etc.*, 96 N. Y. 478.)   The rule upon the subject may appear to have been involved in some uncertainty, but now it seems to be reasonably well defined in this state.   In *McMaster* v. *State* (108 N. Y. 542), the claim was for damages founded upon a breach of contract for the supply of materials for and services in the construction of a public building.   The damages resulted from the refusal of the state to permit the contractor to proceed with the work to its completion, as provided by the contract.   And such damages consisted of a loss of profits, which would have been realized by performance of the work at the contract-price. The court held that interest was not allowable even from the time of the commencement of the action or proceeding, because the claim was unliquidated, and " there was no possible way for the state to adjust the same and ascertain the amount which it was liable to pay."   And reference was made to *White* v. *Miller* (71 N. Y. 118; 78 id. 393).   That was an action to recover damages resulting from breach of warranty upon sale of a quantity of cabbage seed.   The referee on the first trial allowed interest upon the damages from the time the crop would have been harvested.   The court held that was error, for the reason that " the demand was unliquidated and that the amount could not be determined by computation simply, or reference to market values."   (71 N. Y. 134.)   On the next trial the plaintiffs were allowed to recover interest

upon the amount of damages from the time of the commence-
ment of the action.    This was held to be error.    And after
reviewing .many prior cases on the subject the court, by
EARL, J., remarked, that some of those cited "tend to show
that where an account for services or for goods sold and
delivered, which has become due and payable in money,
although not strictly liquidated, is presented to the debtor and
payment demanded, the debtor is put in default and interest
is set running ; and that, if not demanded before, the com-
mencement of the suit is a sufficient demand to set the interest
running from that date.    But there is no authority for holding
in a case like this, where the claim sounds purely in damages,
is unliquidated and contested, and the amount so uncertain
that a demand cannot set the interest running, that it can be
set running by the commencement of the action.    *    *    *
The claim is no less unliquidated, contested and uncertain.
The debtor is no more able to ascertain how much he is to
pay.    *    *    *    The conditions are not changed, except that
the disputed claim has been put in suit, and there is no more
reason or equity in allowing interest from that time than from
an earlier date."    (78 N. Y. 399.)    The judicial reason thus
stated for the rule applied in that case, is applicable to the
present case, and is no less applicable to the damages awarded
by way of *per diem* allowance for the time the jury found
the plaintiff and his associate would have completed the work
in advance of five months if the foundation had been com-
pleted on June 22, 1876, than the other class of damages
allowed to the plaintiff. . The alleged breach of contract
was, that when the stipulated notice was given the founda-
tion was not ready for the superstructure, which the
plaintiffs agreed to erect upon it.    And while they were not
required, they were permitted to proceed and charge the
defendant with such damages.    (*Mansfield* v. *N. Y. C. & H.
R. R. R. Co.*, 102 N. Y. 205.)    Whether they could and would
have completed the work in less than five months if the founda-
tion had been entirely ready when the notice was given, and if

so, how many days in advance of that time, were questions of very much uncertainty as appears by the evidence, and so much so that there can be assumed to have existed no basis upon which the defendant could have made any estimate with a view to any adjustment of the amount as between it and the plaintiff. The alleged claim was unliquidated, and as uncertain in amount as any can well be conceived to be. It was necessarily in some sense speculative, as it involved the consideration of causes the presence or absence of which could not be demonstrated, bearing upon the ability or inability of the contractor to do the work within any certain time if they had been permitted to proceed with the utmost economy and advantage within five days after defendant's notice was given. This branch of the claim for damages was not for services, but was sought to be obtained and was recovered as prospective profits, of which the plaintiff was deprived by the breach of the contract. And it was no less unliquidated for the purpose of the question now under consideration, than it would have been if there had been no stipulated *per diem* allowance provided by the contract for the diligence of the contractors in doing the work. The amount of such claim for damages was entirely uncertain, and was closely contested by the defendant. So much so that a verdict for the defendant upon that branch of the case would have been supported by the evidence. This question of interest seems clearly to come within the doctrine of the case before cited, and should have been excluded from consideration on the trial. And, in view of the reason for the rule and the rule itself, so announced, the cases cited by the plaintiff's counsel do not support his proposition in this respect. In *Parrott* v. *Knickerbocker, etc., Ice Company* (46 N. Y. 361); *Mairs* v. *Manhattan, etc., Association* (89 id. 498); *Walrath* v. *Redfield* (18 id. 457); *Duryee* v. *Mayor, etc.,* (96 id. 477), the actions were in tort, and the question of interest was for the jury. In *Van Rensselaer* v. *Jewett* (2 N. Y. 135) the action was for rent payable in specific articles with no sum mentioned. *Dana* v. *Fiedler* (12 N. Y. 40), was brought to recover damages for non-delivery of a quantity of madder pursuant to contract.

In both those cases the market-values of the property, at the time stipulated for delivery, the defendants had the means of ascertaining, and, therefore, when in default and required to perform they were able to ascertain by computation the amount to which the plaintiffs were entitled. The court held that they were entitled to recover interest.

In *McMahon* v. *New York and Erie Railroad Company* (20 N. Y. 463), the action was to recover for work performed and materials furnished by the plaintiff in construction of the defendant's road. The defendant had refused to have measurements made by its engineer, which was a condition precedent to payment. The court referred to the doctrine of *Van Rensselaer* v. *Jewett*, and by SELDEN, J., said that the court there went as far as was reasonable to go, and held that interest was allowable upon the ground that the defendant was in default for not having taken the requisite steps to ascertain the amount of the debt. In *McCollum* v. *Seward* (62 N. Y. 316), and *Mercer* v. *Vose* (67 N. Y. 56), the actions were to recover the amount due for services upon a *quantum meruit*. The claims were unliquidated, and the recovery of interest from the time of the commencement of the action was sustained. The former of the last two cases was decided upon authorities there cited, and was followed by the other. The doctrine of that line of cases is, that in actions for services rendered or goods sold, etc., when the debtor is in default for not paying pursuant to his contract, the creditor is entitled to interest by way of damages. (*Newell* v. *Wheeler*, 36 N. Y. 244; *Mygatt* v. *Wilcox*, 45 id. 306.) And that is upon the theory that the amount may be known or ascertained and computed, actually or approximately, by reference to market-values. (*Sipperly* v. *Stewart*, 50 Barb. 62; *Van Rensselaer* v. *Jewett*, 2 N. Y. 135, 140; *De Lavallette* v. *Wendt*, 75 id. 579.) There may be cases, from the nature of which it appears that this cannot be done, to which the rule allowing interest is not applicable. (*Smith* v. *Velie*, 60 N. Y. 106; *De Witt* v. *De Witt*, 46 Hun, 258.) And, so far as I have observed, it has not been extended to actions to recover unliquidated damages for breach of contract, unless

the means are accessible to the party sought to be charged, of ascertaining the amount by computation or otherwise to which the other party is entitled.   This case cannot be brought within the rule which renders the recovery of interest permissible.

My conclusion is that the plaintiff was erroneously allowed to recover interest, and that the judgment should be modified accordingly.

POTTER, J. This action was brought to recover damages, on the part of the plaintiff and respondent, against the defendant, the New York Central & Hudson River Railroad Company, appellant, for breach of a contract made and entered into between them in respect to the building of an elevator in the city of New York.   There are two separate and independent stipulations in the contract for the breach of each of which plaintiff seeks to recover damages.   The instrument provided, among other things, that Gill & Mansfield should furnish materials, perform the work in erecting the superstructure of the elevator over the waters, upon piers in the Hudson river between Sixtieth and Sixty-first streets in the city of New York, and should finish the same within five months from the time of the commencement of the work, and should receive as their compensation therefor the sum of $331,500, and the further sum of $500 per day for each day less than that occupied in its construction.

In respect to the time of commencing the work it was provided, "that said parties of the first part hereby further agree to commence the erection of the elevator within five days after notice of the engineer that the foundations are ready, and complete the same ready for use, of all the lofting elevators within five months thereafter." The plaintiff alleges that he performed the work within the time by about thirty days, and was thus entitled to receive under the contract $500 a day for the thirty days, amounting to $15,000.   The plaintiff also claims to recover of the defendant damages for not having the foundation ready for the erection of the elevator within five days of the time when defendant, through its engineer,

gave the plaintiff notice that the foundations were ready. The damages he seeks to recover in that regard are for inconvenience and extra work in placing and handling and moving his materials upon and about the premises where the erections were to be made.

The case has been twice tried at Circuit and has been to the General Term three times, and to the Court of Appeals once. On the appeal to the Court of Appeals that court laid down certain principles upon which plaintiff's rights depend under the contract and its several provisions, and is to be found in 102 New York, page 205.

Upon that appeal it was held by this court, in substance, that the two stipulations contained in the agreement for breach of which the action is brought were independent of each other, and that the plaintiff could, upon proper proof, recover the $500 *per diem* for the time that was unexpired for the completion of the structure; and that, also, upon proper proof he was entitled to recover any damage which he sustained by reason of the extra work and moneys paid out in the doing of the work or that portion of the work which he did before the foundations were in the condition required to be by the contract.

The case, of course, must be disposed of upon this appeal in accordance with the principles laid down in the former appeal, and it is not perceived, upon an examination of the case as now presented, but that the last trial was conducted in accordance with the principles thus laid down by the court on the former appeal. Hence we perceive no error in those respects. The question in regard to the rule of damages, so far as interest was concerned, at least upon the sums which plaintiff might prove and become entitled to under the rulings on the former appeal, were not disposed of by the court on the former appeal, but were left to be raised upon such evidence and findings as should be had upon a subsequent trial. Upon the last trial the plaintiff proved, and the jury found, upon sufficient proof, in our judgment, that the plaintiff was entitled to recover $500 per day for the thirty days between the commencement of the work, within which the work could have been done if the foun-

dations had been completed, and the five months the defendant was allowed to complete it in. This was within the principle decided by this court that the plaintiff might recover in this action. They also found the damages which the plaintiff had sustained by reason that the foundations were not in the condition required to be by the contract was $802.

According to my apprehension of the case upon this appeal, the only question for our consideration remaining is, whether or not the plaintiff is entitled to recover interest upon these two sums as found by the jury, or upon either of them, as damages. The general rule, no doubt, is, that interest cannot be allowed upon claims for unliquidated damages, but by legislation in some instances or, in respect to a certain class of actions and by decisions of courts, cases of unliquidated damages, in which interest will not be allowed, are becoming more rare. We think the rule still is, that, where the damages are entirely unliquidated, and where the jury have to take numerous elements of uncertainty and doubt and speculation into account in rendering a verdict, the old rule still applies. But where the elements which enter into and form a part of the considerations which the jury are to determine upon in respect to the amount of damages are simple and reasonably certain, the tendency of the decisions of the court is in the direction of an extension of the rule in various cases of unliquidated damages where formerly the rule of allowing interest would not be permitted. It is done for the purpose of making a party who has sustained damage by reason of the failure of another party to perform *his agreement, some compensation or some indemnity for the loss which he has sustained.* Some cases have left this question doubtful, whether in the cases where a party may be entitled to interest the jury may find that interest as damages in their discretion, or whether the court, as matter of law, may direct, if they find a verdict for a party, to also include in or to add to the amount of damages the interest which has accrued from the time of the commencement of the suit, or from some former time when the cause of action accrued, or a demand of payment was made. Whether

or not it should have been left to the jury, in their discretion, to allow interest as damages is not a matter of any importance in this case; that is, if the court would have been authorized, as a matter of law, to direct the jury to include in the damages assessed by them also the interest upon such damages as they found, then the jury having allowed the plaintiff to recover interest from the time of the commencement of the action on both the sums for damage which they found for plaintiff, the same result has been reached.

The question, then, recurs whether or not the plaintiff was entitled to interest as matter of law or have it submitted to the discretion of the jury whether interest should have been allowed upon these two claims for damages as found by the jury. There would not seem to be many elements of uncertainty or speculation in the claim of $500 a day for thirty days. The only thing the jury had to do in respect to that claim was, under the charge of the court and upon the whole evidence in the case, to determine how many days short of the five months the plaintiff did complete this elevator in; and, further, how many other days less than five months he might have completed the contract in if the foundations had been ready as agreed.

The amount per day was fixed by the agreement of the parties at $500. Hence to ascertain the amount the plaintiff was entitled to in this respect, was simply to take the number of days which were and might have been saved from the whole period of five months in the construction of the building, which was thirty (as found by the jury), and multiply that thirty by five hundred, and to cast the interest upon that product from the commencement of the suit until the day of the trial. That certainly was not a difficult thing to do, and there was no element of uncertainty about it except the number of days they should determine, from the evidence, had been saved from the five months. The other claim, which was fixed by the verdict of the jury at $802, did not contain a great many elements of uncertainty, for every element could be established quite accurately and plainly by the evidence in the

case. The plaintiff, by himself and his witnesses, were called upon and stated how much less work would have been required, or how much more expense attended the beginning and progress of the work for the first few days on account of the unpreparedness of the foundations. That could be easily arrived at by anyone who was familiar with that kind of work, and as the work was done by the plaintiff's workmen, in the presence of numerous others, who were competent to testify, and as they were the witnesses who gave evidence, and as there was nothing about it but that was visible and capable of easy calculation, it would not seem to have been a case where there were many elements of uncertainty and that were speculative, involved in the ascertainment of that amount; and that amount having been ascertained, the computation of the interest was, of course, within the qualification of every juror.

It seems to me that there are many cases reported in which interest from the commencement of the action has been allowed and approved by the court, where the elements of uncertainty were much more numerous and of much more difficult ascertainment.

The cases referred to and relied upon by appellant's counsel were cases in 108 New York, 557, and in *White* v. *Miller* (71 N. Y. 118, and the same case cited again at 78 N. Y. 393). In those cases interest was not allowed, for the reason that the demand was unliquidated, and was so dependent upon various uncertain and speculative elements that the court was unwilling to allow it.

The latter case was an action to recover damages for a breach of warranty in the sale of cabbage seeds. They had been sold and represented upon the sale to have been seed of a particular kind, and that they would produce a crop of a certain character. It turned out that the seeds were defective, of a different kind, and did not produce the crop which the party sought to raise. The plaintiff sought, in that action, to recover the difference in the value of the crop as raised from imperfect seed of a different character from the value of a crop, such as would be produced from the seed of another

kind which he sought to purchase. The court allowed him to recover that difference, but this court, upon appeal, held that there were too many elements of uncertainty, such as the weather, the kind of soil, the rains and drouths, etc., to allow interest in such a case or upon such a recovery. In the other case cited by appellant's counsel, the case of *McMaster* v. *State of New York* (108 N. Y. 542), was a claim arising from the breach of a contract to construct a number of public buildings for the state in the city of Buffalo, thirteen in number. The contractor was to furnish and dress the stone and deliver them upon the premises, and after he had done so in sufficient quantity for some six or seven of the buildings the contract was broken by the other side. He sought to recover his damage by reason of his being compelled to abandon the contract. The court in that case held that as there entered into the damage, which he got an award for, such uncertain elements, to wit, how much he would have made if he had been allowed to go on and finish the construction, the cost of the stone and dressing of them, the value of the stone which were left upon the ground at the time the state abandoned the contract, and more especially because there was involved in that ascertainment of damages the time which he would save, and the work and labor and responsibility which were saved him from completing the job, that those constituted too uncertain elements in a case of unliquidated damages to warrant the allowance of interest. But, in a numerous class of cases, it seems to me the court has allowed interest, either directing it as a matter of law in a class of cases, or submitted it to the discretion of the jury in other cases in the nature of compensation or indemnity. And such cases are to be found in *McMahon* v. *New York and Erie Railroad Company* (20 N. Y. 463); *Van Rensselaer* v. *Jewett* (2 id. 135); *Parrott* v. *Knickerbocker Ice Company* (46 id. 361). In the latter case the court approved of the action of the judge in leaving the question to the jury whether the allowance of interest was not necessary in order to give the plaintiff proper and just com-

pensation. The claim on which the interest was allowed in this case was for services, or in the nature of services or extra services, rendered by the plaintiff for the defendant, and the courts have gone by recent decisions, and should go beyond the earlier decisions, for the purpose of indemnifying the party who has kept his contract against loss occasioned the party breaking it.

We have carefully studied the very able brief of appellant's counsel, and we have been unable to perceive, either in the reception or rejection of testimony, or in the charge to the jury, any violation of well-settled principles in this class of cases or any departure from the principles laid down in this case on the former appeal in the able opinion of Judge RUGER in this court. We have also looked with some degree of care at the exceptions to evidence and to the judge's charge, and we do not perceive any error that should justify another trial of this action.

I think that the allowance of interest from the time of the commencement of the action to the day of the trial was proper, and the judgment should, therefore, be affirmed, with costs.

All concur with POTTER, J., except upon the question of interest, upon which question all concur with BRADLEY, J., except POTTER, J.

Judgment modified by striking out allowance for interest.

Upon a subsequent motion for reargument the following opinion was handed down:

*Per Curiam.* The first review in this court was of a judgment of the General Term affirming judgment entered upon dismissal of the complaint directed by the court upon the trial. And upon that trial the evidence offered by the plaintiff to prove damages resulting from the alleged breach of the contract was excluded. The court on such review having determined that the contract required that the foundations be so far completed as to enable the contractors to prosecute the work to the utmost advantage and economy before the notice should be given by the defendant's engineer, held that the giving such notice before that time was a breach of the contract; and as the plaintiff and his associate, without waiver of any rights in

that respect, had proceeded with the work, the plaintiff was entitled to recover such damages as the contractors had sustained by reason of the breach, and reversed the court below. (102 N. Y. 205.) . The question as to what were or might be legitimately treated as damages resulting from the breach of the contract was not then necessarily before the court or determined. And because the matter of recovery of damages upon the clause giving the contractors an opportunity to realize a profit for diligence in the work was not expressly considered as an original proposition in the opinion on the last review, this motion is made. That question arose upon the provision of the contract which gave to the contractors the right to $500 per day for the time they should complete the work in advance of the time stipulated for its performance. The contention that the plaintiff was not entitled to recover anything by way of damages pursuant to that provision of the contract had the support of an able and thorough argument by the appellant's counsel, by which it was argued :

*First.* That the right to that allowance rested upon a mere condition dependent upon performance within the stipulated time, which could be set in motion only by the notice of the engineer, and must terminate with the expiration of such time from that when the notice was given ; and that such promise of the defendant, when made, was merely an offer without the support of any consideration.

*Second.* That the *per diem* allowance so provided for, dependent upon such event, did not constitute prospective profits ; and founded upon the breach of the contract did not come within the meaning of gains prevented. We think the agreement to pay this *per diem* amount may be treated as made with a view to increased compensation, in the event there mentioned, for the work which the contractors undertook to perform for the defendant, as represented by the provision that " in consideration of the faithful performance of all the covenants and agreements herein contained by the parties of the first part to this agreement, the said party of the second part hereby agrees to pay to the said parties of the first

part the above-named sum of three hundred and thirty-one thousand five hundred dollars, and, in addition thereto, the sum of five hundred dollars for each and every day that the elevator shall be completed, as aforesaid, in advance of the expiration of five months from the time of the commencement, as hereinbefore fixed and agreed upon." And when this court, as it did on the first review, held that the service of the notice that the foundation was, when in fact it was not, ready, etc., was a breach of the contract available to the plaintiff for the recovery of the damages sustained by the contractors in consequence of the delay in the work occasioned by it, the way was open to permit the plaintiff to establish, if he could, that they were by the delay thus occasioned deprived of the gains and profits which they otherwise would have realized from the performance of the work in advance of the five months. Although the contractors did not agree to earn any of the additional sum by completion of the work in advance of the stipulated time, or to make any effort to do so, it cannot be said that the agreement of the defendant to pay such amount, at the rate before mentioned, as the contractors should by their diligence become entitled to, was without consideration. It may have induced the contractors to enter into the agreement upon the terms in other respects represented by it, and it may be assumed that such was its effect upon their action in doing so. And, therefore, if they, without their fault, were by the defendant denied the right to perform the contract, they were entitled to recover the value of it, or, in other words, the benefit to them, which would result from its observance and performance. These views lead to the conclusion that the provision referred to, of the contract, was something more than a mere condition, and was a stipulation in it of such value to the contractors at the time it was made as their diligence would enable them to realize from it. In view of its relation to the contract, of which it forms an inseparable part, it differs from the case where there is no mutuality when consideration is wholly dependent upon performance by the promisee. (*Willetts* v. *Sun Mut. Ins. Co.*, 45 N. Y. 45; *Miller* v.

*McKenzie,* 95 id. 575; *White* v. *Baxter,* 71 id. 254.) Here the contractors undertook by the contract to perform the work, and the price may be deemed to have been regulated somewhat by the diligence with which it should be done. And, with that view, the contract also contained a counter-provision to the effect that the amount which the contractors should recover for the work should be reduced at the same rate for delay in its completion beyond the stipulated time of performance. It follows that the damages resulting from delay, arising from breach of the contract by the defendant, embraced the profits which, otherwise, the contractors would have obtained if they had been uninterruptedly permitted to perform it. And this, in view of the finding of the jury, seems to dispose of the question whether the work would have been performed in advance of, and how many days prior to the expiration of, the stipulated time of performance, if there had been no breach on the part of the defendant, and of the question of damages estimated by them upon such findings. The notice was given by the engineer on June twenty-second, and the time provided by the contract for the commencement of the work was within five days after notice should be given by him. The evidence tended to prove that some work was performed by the contractors intermediate that date and the time when the foundation was completed, which was August twenty-fourth. The defendant's counsel requested the court to charge the jury that, in computing the time within which the work would have been completed, they should take into consideration the work done between June twenty-seventh and August twenty-fourth. The court charged that they should take into consideration the evidence on that subject. And thereupon the defendant's counsel requested the court to charge that they should allow for the work done and material prepared by the plaintiff during that time. The court declined to so charge, and exception was taken. This exception might seem to present a question of some difficulty if not obviated by the manner which this branch of the case was submitted to the jury, which was, that they were to

determine the question whether the foundations were in such condition as to enable the contractors advantageously and economically to prosecute the work at the time the notice was given, and if they found that the foundations were not in the condition required by the contract, then they were to inquire whether, if they had been in such condition, the contractors could and would have completed the work in less than five months. And if they could and would have completed it in less than that time, how many days less than five months. This covered the whole ground involved in the inquiry essential to the question of damages, and the measure of them founded upon the alleged breach, so far as they were dependent upon the time within which the work otherwise would have been performed by the contractors. The estimate of the time which would have been occupied by them in doing it was, necessarily, somewhat speculative and uncertain, but it is difficult to see any other or better way of submitting the question to the jury. It is evident that the proposition which the court refused to submit to the jury would have afforded them no aid in their way to a conclusion. They were directed to take into consideration all this evidence upon the subject of work performed in the interim referred to.

It is deemed unnecessary to further extend the expression of the considerations which led to the result given to the appeal when it was determined.

The motion for reargument should be denied.

All concur.

Motion denied.