[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 333 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 334 
I think the defendant's exception was well taken to the submission to the jury of the question of interest upon the amount of damages they should find against the defendant. The action was to recover for breach of contract. In such cases whether interest is recoverable does not rest in the discretion of the jury, but it is a question of law for the court, while in actions sounding in tort when the recovery of interest is permissible it is, with some exceptions, a question for the jury. (Duryee v. Mayor, etc., 96 N.Y. 478.) The rule upon the subject may appear to have been involved in some uncertainty, but now it seems to be reasonably well defined in this state. InMcMaster v. State (108 N.Y. 542), the claim was for damages founded upon a breach of contract for the supply of materials for and services in the construction of a public building. The damages resulted from the refusal of the state to permit the contractor to proceed with the work to its completion, as provided by the contract. And such damages consisted of a loss of profits, which would have been realized by performance of the work at the contract-price. The court held that interest was not allowable even from the time of the commencement of the action or proceeding, because the claim was unliquidated, and "there was no possible way for the state to adjust the same and ascertain the amount which it was liable to pay." And reference was made toWhite v. Miller (71 N.Y. 118; 78 id. 393). That was an action to recover damages resulting from breach of warranty upon sale of a quantity of cabbage seed. The referee on the first trial allowed interest upon the damages from the time the crop would have been harvested. The court held that was error, for the reason that "the demand was unliquidated and that the amount could not be determined by computation simply, or reference to market values." (71 N.Y. 134.) On the next trial the plaintiffs were allowed to recover interest *Page 337 
upon the amount of damages from the time of the commencement of the action. This was held to be error. And after reviewing many prior cases on the subject the court, by EARL, J., remarked, that some of those cited "tend to show that where an account for services or for goods sold and delivered, which has become due and payable in money, although not strictly liquidated, is presented to the debtor and payment demanded, the debtor is put in default and interest is set running; and that, if not demanded before, the commencement of the suit is a sufficient demand to set the interest running from that date. But there is no authority for holding in a case like this, where the claim sounds purely in damages, is unliquidated and contested, and the amount so uncertain that a demand cannot set the interest running, that it can be set running by the commencement of the action. * * * The claim is no less unliquidated, contested and uncertain. The debtor is no more able to ascertain how much he is to pay. * * * The conditions are not changed, except that the disputed claim has been put in suit, and there is no more reason or equity in allowing interest from that time than from an earlier date." (78 N.Y. 399.) The judicial reason thus stated for the rule applied in that case, is applicable to the present case, and is no less applicable to the damages awarded by way of per diem allowance for the time the jury found the plaintiff and his associate would have completed the work in advance of five months if the foundation had been completed on June 22, 1876, than the other class of damages allowed to the plaintiff. The alleged breach of contract was, that when the stipulated notice was given the foundation was not ready for the superstructure, which the plaintiffs agreed to erect upon it. And while they were not required, they were permitted to proceed and charge the defendant with such damages. (Mansfield v. N.Y.C. H.R.R.R. Co.,102 N.Y. 205.) Whether they could and would have completed the work in less than five months if the foundation had been entirely ready when the notice was given, and if *Page 338 
so, how many days in advance of that time, were questions of very much uncertainty as appears by the evidence, and so much so that there can be assumed to have existed no basis upon which the defendant could have made any estimate with a view to any adjustment of the amount as between it and the plaintiff. The alleged claim was unliquidated, and as uncertain in amount as any can well be conceived to be. It was necessarily in some sense speculative, as it involved the consideration of causes the presence or absence of which could not be demonstrated, bearing upon the ability or inability of the contractor to do the work within any certain time if they had been permitted to proceed with the utmost economy and advantage within five days after defendant's notice was given. This branch of the claim for damages was not for services, but was sought to be obtained and was recovered as prospective profits, of which the plaintiff was deprived by the breach of the contract. And it was no less unliquidated for the purpose of the question now under consideration, than it would have been if there had been no stipulated per diem allowance provided by the contract for the diligence of the contractors in doing the work. The amount of such claim for damages was entirely uncertain, and was closely contested by the defendant. So much so that a verdict for the defendant upon that branch of the case would have been supported by the evidence. This question of interest seems clearly to come within the doctrine of the case before cited, and should have been excluded from consideration on the trial. And, in view of the reason for the rule and the rule itself, so announced, the cases cited by the plaintiff's counsel do not support his proposition in this respect. In Parrott v. Knickerbocker,etc., Ice Company (46 N.Y. 361); Mairs v. Manhattan, etc.,Association (89 id. 498); Walrath v. Redfield (18 id. 457);Duryee v. Mayor, etc., (96 id. 477), the actions were in tort, and the question of interest was for the jury. In VanRensselaer v. Jewett (2 N.Y. 135) the action was for rent payable in specific articles with no sum mentioned. Dana v.Fiedler (12 N.Y. 40), was brought to recover damages for non-delivery of a quantity of madder pursuant to contract. *Page 339 
In both those cases the market-values of the property, at the time stipulated for delivery, the defendants had the means of ascertaining, and, therefore, when in default and required to perform they were able to ascertain by computation the amount to which the plaintiffs were entitled. The court held that they were entitled to recover interest.
In McMahon v. New York and Erie Railroad Company (20 N.Y. 463), the action was to recover for work performed and materials furnished by the plaintiff in construction of the defendant's road. The defendant had refused to have measurements made by its engineer, which was a condition precedent to payment. The court referred to the doctrine of Van Rensselaer v. Jewett, and by SELDEN, J., said that the court there went as far as was reasonable to go, and held that interest was allowable upon the ground that the defendant was in default for not having taken the requisite steps to ascertain the amount of the debt. InMcCollum v. Seward (62 N.Y. 316), and Mercer v. Vose
(67 N.Y. 56), the actions were to recover the amount due for services upon a quantum meruit. The claims were unliquidated, and the recovery of interest from the time of the commencement of the action was sustained. The former of the last two cases was decided upon authorities there cited, and was followed by the other. The doctrine of that line of cases is, that in actions for services rendered or goods sold, etc., when the debtor is in default for not paying pursuant to his contract, the creditor is entitled to interest by way of damages. (Newell v. Wheeler,36 N.Y. 244; Mygatt v. Wilcox, 45 id. 306.) And that is upon the theory that the amount may be known or ascertained and computed, actually or approximately, by reference to market-values. (Sipperly v. Stewart, 50 Barb. 62; VanRensselaer v. Jewett, 2 N.Y. 135, 140; De Lavallette v.Wendt, 75 id. 579.) There may be cases, from the nature of which it appears that this cannot be done, to which the rule allowing interest is not applicable. (Smith v. Velie, 60 N.Y. 106; De Witt v. De Witt, 46 Hun, 258.) And, so far as I have observed, it has not been extended to actions to recover unliquidated damages for breach of contract, unless *Page 340 
the means are accessible to the party sought to be charged, of ascertaining the amount by computation or otherwise to which the other party is entitled. This case cannot be brought within the rule which renders the recovery of interest permissible.
My conclusion is that the plaintiff was erroneously allowed to recover interest, and that the judgment should be modified accordingly.