### RISS v. MESSMORE.

*(Superior Court of New York City, General Term.   March 4, 1890.)*

1. INTEREST—DAMAGES FOR BREACH OF WARRANTY.
   Interest should not be allowed as damages for a breach of warranty in the sale of goods.

2. SALE—WARRANTY—COUNTER-CLAIM.
   In an action for damages for breach of warranty, defendant cannot, as a counter-claim, recover either the contract price, where the breach consisted in defendant's failure to deliver the article which he agreed to deliver, or the value of the article, where the value is not proved.

3. APPEAL—REVIEW—HARMLESS ERROR.
   A judgment will not be reversed because of an erroneous refusal by the court to strike out a certain phrase in the answer of a witness, where the testimony without the phrase is sufficient to sustain the judgment.

Appeal from judgment on report of referee.

Action by Albert J. Riss against Daniel Messmore, to recover damages for breach of a warranty of an iron lintel for building purposes sold to plaintiff by defendant.   Defendant by counter-claim sought to recover the purchase price of the lintel.   The cause was referred.   Defendant appeals from the judgment entered in favor of plaintiff upon the report of the referee.

Argued before TRUAX and DUGRO, JJ.

*Moody R. Smith,* for appellant.   *Rollin E. Beers,* (*Charles S. Miller,* of counsel,) for respondent.

TRUAX, J.   We do not think that the referee erred in finding, as matter of fact, that the walls of the building into which the lintel was put fell because of a defect in the lintel, and that plaintiff was entitled to recover from the defendant the damages that were caused by the fall of the lintel.   But we think that the referee erred in giving plaintiff interest on the damages that he sustained by reason of the breach of warranty.   It was held by the court of appeals in *White* v. *Miller,* 78 N. Y. 393, that interest should not be allowed as damages for a breach of warranty in the sale of goods.

The referee also allowed plaintiff as damages the rental value of the house for two months.   There is no evidence to sustain this finding in its entirety.   The plaintiff's only witness on this point testified:   "If we had not let the house, it could have been done two months later,—the 1st of July."   This, at the most, would only warrant the referee in giving plaintiff the rental value of the house from the 1st of July, and not from the 1st of June.

The referee did not err in refusing to allow defendant his counter-claim. He was not entitled to recover the contract price, because he had not delivered the thing he agreed to deliver, and he was not entitled to recover its value, because there is no evidence of its value.

Our attention has been called to but one alleged error relating to the evidence. One of plaintiff's witnesses testified that he was on the ground after the front of the building had fallen, and examined the "lintel that we all supposed was the cause of its falling," and defendant's counsel moved to strike out the words "that we all supposed was the cause of its falling."   This motion was denied, and defendant excepted to the ruling of the referee.   We do not think that the judgment should be reversed because of this ruling.   A number of witnesses had testified that the lintel was the cause of the fall, and the witness was only referring to that fact.   But, if this phrase were out of the case, the testimony remaining in the case would sustain the finding of the referee on this point. Judgment reversed, unless the plaintiff stipulate to reduce the judgment by deducting therefrom $852.73, in which event judgment is affirmed, without the costs of this appeal.