Where a mutual aid association refuses payment of a sum of money to which the executor of a deceased member, after proof of death, is entitled, under the by-laws, interest, to begin to run 30 days from proof of death, will be allowed on the claim, the 30 days being a reasonable time allowed the association in which to collect assessments.

Application by Henry C. Glaser, executor, against the New York Physicians' Mutual Aid Association, for interest on a claim. Application granted.

H. F. Andrews, for plaintiff.
John Sabin Smith, for defendant.

GILDERSLEEVE, J.   The question to be determined is whether plaintiff is entitled to interest on his claim.   At the time of the death of plaintiff's testator, the said testator was a member in good standing of the defendant.   On the 8th of February, 1899, letters testamentary were issued to the plaintiff.   On April 19, 1899, proofs of the death of the said testator and proofs of the appointment of the plaintiff as executor were delivered to the defendant, and a demand made for the payment of $1,000, to which, under section 3 of article 5 of defendant's by-laws, the plaintiff was entitled.   Payment was refused, and an action was brought, in which the said plaintiff has been successful.   It is a general principle of law that where a debtor is in default for not paying money, delivering property, or rendering service in pursuance of his contract, he is chargeable with interest from the time of the default on the specified amount of money or on the value of the property or services at the time they should have been paid or rendered.   See Van Rensselaer v. Jewett, 2 N. Y. 135; Adams v. Bank, 36 N. Y. 255; Board v. Clark, 92 N. Y. 391.   In the case at bar it is difficult to determine the time of the default, owing to the wording of the by-laws of the defendant.   I am inclined to the opinion that, under the circumstances, interest should be allowed on the claim from the 20th day of May, 1899.   This allows the defendant 30 days after proof of death in which to collect assessments, and seems to be, under the circumstances, a reasonable time for payment.

Ordered accordingly.