DWIGHT, P. J., BRADLEY and WARD, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

RANSFORD BUTTON, Respondent, *v.* ANDREW KINNETZ, Appellant.

*Case on appeal — working a farm on shares — landlord's remedy for the negligence of the tenant — contract to plant wheat — damages for its breach — joint owners' right of possession of personal property — no interest allowed upon unliquidated demands.*

Where a case upon appeal does not state that it contains all the evidence given upon the trial of the action the court can review only questions of law.

Where a tenant, who is working a farm for the owner on shares, negligently allows the owner's cattle to escape and commit a trespass upon the lands of

another, the owner may pay the damages to the person injured without consulting the tenant and charge them against the tenant.

Where, by the terms of a lease, the tenant agrees to leave as much wheat growing upon a farm at the expiration of a lease as there was upon it at the date of the lease, and he fails to sow a part of the farm, but there is no evidence to show what this part would have produced if sown, the owner is entitled to recover upon the basis of the deficiency in quantity from the last year's crop, estimated at the price prevailing for wheat at the time of the breach of the contract.

Joint owners of personal property have an equal right to its possession.

Where parties have mutual demands, which are unliquidated and are not capable of being ascertained by computation, it is error to allow interest upon an amount found due to one of them.

APPEAL by the defendant, Andrew Kinnetz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Seneca on the 2d day of July, 1894, upon the report of a referee.

*G. & W. M. Wilcoxen,* for the appellant.

*Hammond & Hammond,* for the respondent.

LEWIS, J. :

The plaintiff, by a written lease dated the 5th day of April, 1890, leased to the defendant, to work upon shares, his farm in Seneca county for the term of one year, with the privilege to the defendant of continuing the term for one or two years longer. The defendant entered into possession and remained through the first year and into the second year until ˙February, when he surrendered possession. Misunderstandings arose between the parties, and this action was commenced in September, 1891, while the defendant was still in possession of the farm. The items of the respective accounts of the parties were very numerous, and ranged in amount from twenty-five cents up to hundreds of dollars. The trial occupied, so it is stated by the counsel in their briefs, from thirty to forty days. The referee appears to have discharged his onerous duties with a desire to do justice to the parties, as is evidenced by the fact that out of thirty-seven pages of his findings the appellant excepted to only four of the findings in favor of the plaintiff, which are as follows : 1. To damages to Russell's garden, $5. 2. To damages for sowing 18 acres less wheat than in 1891, $96.86. 3. For one-half of the value of the Vosburgh wagon, $17.50. 4. Damages to cows, $340.

In considering the questions presented by this appeal we are confined to a review of the questions of law only, as the case fails to state that all the evidence bearing upon the questions sought to be reviewed has been included in it. The plaintiff was the owner of a large number of cows kept upon the farm, and by the arrangement the defendant had charge of them. Through the negligence of the defendant the cows escaped from the barn in which they were kept and damaged a neighbor's garden to the extent of five dollars. The defendant neglected to pay this damage. On demand of the owner of the garden the plaintiff paid the five dollars. This he did without the defendant having requested him so to do. The plaintiff being the owner of the cattle he was liable to the owner of the garden for the damage caused by the trespass. He was not required to wait until the damages were assessed by an action before paying them, as the defendant had negligently caused the damage. By the terms of the lease the defendant agreed to leave as much wheat growing upon the ground as there was upon the farm at the date of the lease. There were forty acres of wheat upon the ground at the commencement of the term and the defendant left only twenty-two acres, being eighteen acres short of the amount he agreed to sow the last year. The wheat upon the ground when the defendant took the farm produced 410 bushels, which was then worth one dollar and five cents per bushel, making $430.50. The defendant was entitled to one-half of this amount. The defendant having been guilty of a breach of his contract was liable to the plaintiff for the damages which he sustained.

The referee in arriving at his findings upon this claim seems to have proceeded upon the theory that the transaction amounted to a sale by the plaintiff to the defendant of the wheat crop of the first year, and that the defendant was, therefore, liable for eighteen-fortieths of the 205 bushels which he received from the first crop at one dollar and five cents per bushel which he found amounted to ninety-six dollars and eighty-six cents. We do not see upon what principle the plaintiff was entitled to the one dollar and five cents per bushel, for the evidence shows that at the time of the breach of the contract wheat was selling for only seventy-five cents a bushel. Had the defendant's agreement been to deliver to plaintiff at the

end of the term an amount of wheat equal to the first year's crop
the measure of damages would have been the value of the wheat at
the time of the breach of the contract and not its value when the
first crop was harvested. The lease provided that the plaintiff was
to furnish one-half of the seed wheat for the last crop. The evi-
dence shows it would have required one bushel per acre. The
plaintiff was obliged to harvest the crop which was worth one dollar
per acre. There was an absence of any evidence as to the cost of
marketing the crop. The evidence tended to show that the twenty-
two acres which the defendant sowed the last year produced but
five bushels an acre.

We are not furnished with any evidence from which to determine
how much the eighteen acres would have probably produced if sown,
and in the absence of this information the referee correctly held
that the plaintiff was entitled to recover the value of eighteen-
fortieths of 205 bushels, being ninety-two and one-quarter bushels,
which he should have computed at seventy-five cents a bushel,
making sixty-nine dollars and eighteen cents. From this sum there
should be deducted the value of eighteen bushels of seed wheat at
seventy-five cents a bushel, thirteen dollars and fifty cents, and the
expense of harvesting, eighteen dollars, making thirty-one dollars and
fifty cents, which taken from the sixty-nine dollars and eighteen
cents would leave thirty-seven dollars and sixty-eight cents as the
amount of damages to which the plaintiff was entitled for the breach
of this part of the contract.

There was a wagon used upon the farm which was the joint prop-
erty of the parties. When the defendant left the farm he took the
wagon with him and stored it in a neighbor's barn. The referee
found its value to have been thirty-five dollars, and charged the
defendant with one-half thereof, seventeen dollars and fifty cents.
There was an absence of any evidence showing that the defendant in
any manner ignored the plaintiff's interest in the wagon. As the
joint owner with the plaintiff he had an equal right to its possession.
We are not aware of any principle of law upon which he could be
charged with this item.

The defendant was required by the lease to take charge of the
cattle upon the farm and to return them to the plaintiff at the
termination of his lease in as good condition as when taken, natural

wear and damage thereto excepted. The evidence tended to show that during the last year of his term he failed to take proper care of the cows, and when he left the farm they were in a very poor and bad condition. The referee found that in consequence of this neglect of the defendant the cattle were worth ten dollars a head less, being $238, in the spring of 1892, than they would have been had they been properly cared for and in fair condition. This item seems large and raises a suspicion in our minds that injustice was done the defendant in this finding, but as we are not at liberty to review the facts this finding cannot be disturbed. The referee included in the amount for which judgment was directed and recovery had against the defendant forty-nine dollars and forty-two cents interest; this was error; the damages were for breach of contract and were unliquidated and could not be ascertained by computation. (*Mansfield* v *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331.)

The referee found that the plaintiff sold a calf for $2.50, one-half of which belonged to the defendant, and for which the plaintiff had not paid the defendant. By an obvious oversight his conclusion of law was that this item should be disallowed. He evidently intended to allow this sum to the defendant. There should be deducted from the recovery on account of wheat $59.18, $17.50 for the wagon, the $1.25 mentioned and the interest item of $49.42, making in all $127.35.

The judgment should be reversed and a new trial granted, with costs to abide the event, unless the plaintiff stipulate to deduct from the amount of his recovery the sum of $127.35, and in case such stipulation be given then the judgment as thus modified should be affirmed, without costs of this appeal to either party.

BRADLEY and WARD, JJ., concurred.

Judgment reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulate to deduct $127.35 from the amount of the recovery, and in that event judgment as thus modified affirmed, without costs of this appeal to either party.