## EDWARDS V. FARGO & SOUTHERN RAILWAY.

1. CORPORATION—BY-LAWS—PRESUMPTION AS TO.

   It is a natural and legal presumption in the absence of evidence, that by-laws of a corporation silent as to official compensation of an officer are equally silent as to the scope and character of official duties of such officer.

2. OFFICIAL DUTIES—SCOPE—COMPENSATION.

   Where a corporation has construed the duties of its secretary to include a field of arduous work not strictly with the ordinary interpretation of the functions of that office, the secretary, after such duties performed, can recover in an action against the corporation, a reasonable compensation therefor, and in his proofs and pleadings will not be held to distinguish between ordinary and extraordinary services.

3. VALUE OF SERVICES—EVIDENCE.

   Whether a witness has a requisite knowledge to enable him to testify as to value, is a question largely within the discretion of the trial judge. One who has rendered services is competent to testify as to their value.

Filed May 25, 1887.

Appeal from the district court of Cass county.

The facts are stated in the opinion.

*Wilson, Ball & Wallin,* for defendant and appellant.

The action is for the alleged value of official services, and relief is claimed upon a *quantum meruit.* It is neither alleged nor claimed that the defendant, by resolution, by-law, oral agreement, or otherwise, agreed to pay plaintiff the sum sued for, or any sum, as compensation for his services as secretary. He cannot in such case recover what the services are reasonably worth. See Authorities 39 American Reports 167; Pierce on Railroads, page 31; Wood's Railway Law, vol. 1, page 429, last edition; Pew v. First National Bank, 130 Mass., 391, also 102 New York (Court of Appeals) 190; Citizens National Bank v. Elliott, 55 Iowa, 106; Sawyer v. The Pawners Bank, 6 Allen, 207; Pew v. First National Bank of Gloucester, 130 Mass., 391; see also Butts v. Wood, 37 N. Y., 317; 1 Wood's Railway Law, Section 150.

*D. H. Twomey,* for respondent.

The answer shows conclusively that the duties performed by the respondent were performed as secretary, and not otherwise. Respondent should recover for his services. Wood's Field Law of Corporations, sec 162; 68 Ill. 570; 22 Minn. 25; 49 Md. 389; 33 Am. Rep. 264; 44 Am. Rep. 658. Plaintiff was competent to testify as to the value of his own services. Mercer v. Vose, 67 N. Y. 58; 37 Am. Reps. 154.

McCONNELL, J. Respondent, as plaintiff, brought this action in the district court against appellant, a railroad corporation, organized and existing under the laws of this territory. The complaint, averring such incorporation, and that the plaintiff had been elected and employed as appellant's secretary, and had served it in that capacity from June 5, 1883, to June 2, 1885,—claims that plaintiff's services, as secretary, were reasonably worth during that period, six hundred dollars per month, and, denying any payment in that behalf, demands judgment for the sum of $14,400.00.

The answer, admitting incorporation and plaintiff's secretaryship, but denying the value of the services as set up in the complaint, alleges that such value is not greater than $600.00.

The answer further sets up that the plaintiff was elected such secretary under express agreement between the parties that he would perform the duties thereof without compensation, and recites certain collateral advantages accruing to the plaintiff as a consideration for such agreement.

After jury trial had, there was a verdict rendered in favor of plaintiff in the sum of $4,978.85.    After motion for new trial over-ruled, judgment was entered on the verdict.

Appellant's assignments of error, though numerous, all fall witin the two-fold character of:

1.    Exceptions to the ruling of the trial court in admitting evidence.

2.    Exceptions to the verdict as against the evidence.

Naturally, the general assignment of error in that the trial court over-ruled the motion for a new trial, is well or illy taken, according as we decide with regard to the exceptions above classified.    The district court was consistent throughout all the proceedings below, and the questions before us herein turn wholly upon the view adopted as to the one or two propositions of law involved.

The learned counsel for appellant seek to raise this preliminary question:   "Can a secretary of a corporation who is also a stockholder and director thereof, recover compensation for official services rendered to the corporation, as secretary, in the absence of special agreement for compensation?"

This question, upon which appellant's counsel concede that there is a conflict of authority, is not before us.    That which might render it a serious question for the plaintiff—his being a director, and possibly performing, as the ordinary duties of such director, the services sought to be recovered for in this action, does not appear from the evidence.    That the plaintiff was a director is sought to be inferred from the words used by the plaintiff in giving his testimony: "We went down there, myself and Kindred and the other directors."    Now as Kindred was the president, and therefore presumptively a director, (Civil Code, Sec. 408), the relation of *otherness* would seem to point more clearly to Kindred as its antecedent than to any one else.

This tribunal certainly cannot be expected to adopt the more doubtful construction, in order thereby to burden itself with an extra question for decision, or to indulge with show of pertinency, in the doubtful luxury of *obiter dicta*.

Appellant claims strenuously, as the ground of objection to the rulings of the district court with reference to the admission of evidence, that, while the complaint sets up a claim to recover for services rendered, as secretary, yet evidence was repeatedly admitted "respecting the performance, or pretended performance, by plaintiff, of divers and sundry special and unusual services, "without requiring proof that the same were official services devolving upon plaintiff as secretary". Whereby, according to appellants' theory, the complaint was used, at the trial, "as a mask—a kind of forensic—stalking horse, behind which the plaintiff ambushed his real case, to wit: his testimony as to alleged services of a special and non-official character",—to appellant's surprise, and consequent inability, "in the hurry of a trial, to gather evidence to meet and disprove such case."

In order to state appellant's theory as strongly as possible, we have, in the main, used the very graphic and forcible language of its learned counsel, quoted from the brief before us.

In aid of the position above stated, appellant cites Section 403 of the Civil Code, providing *inter alia*, that every Dakota corporation "must, within one month after filing articles of incorporation, adopt a code of by-laws for its government"; cites also Section 404 of the Civil Code, to the effect that, "a corporation may, by its by-laws, where no other provision is specially made, provide," amongst other things, "the compensation and duties of officers"; cites also Section 408 to the effect that the secretary and other officers therein mentioned "must perform the duties enjoined on them by law and the by laws of the corporation"; cites also Section 417 requiring corporations for profit to keep certain records and books therein mentioned.

Now the plaintiff testified that, as secretary, he recorded the proceedings at stockholders' meetings; had charge of the seal; was custodian of all papers, records and deeds; had

charge of some matters pertaining to right of way; had organized the auditing department; audited vouchers to the amount of about one million dollars; had largely to do with making contracts between appellant and the Northern Pacific and Manitoba railroads for the transportation of construction material; and looked generally after details during his secretaryship.

It was to the admission of this, and other like testimony specifying the particulars as to services rendered appellant by the plaintiff, that appellant excepted, and which admission it argues was error within the view or theory we have above quoted from appellant's brief. Giving now, in our own language, the rationale of appellant's position in that behalf, it is that appellant must be presumed to have adopted by-laws; that such by-laws must be presumed to describe the duties of the secretary and other officers; that plaintiff, as such secretary, was held only to perform the duties enjoined on him by law and the by-laws; and that any other services rendered by him was either volunteer services for which he can claim nothing, or services that must be specially pleaded, and cannot be proved under his claim as secretary, and consequently under the complaint in this action. Further, that inasmuch as plaintiff did not offer proper proof, to-wit: the by-laws, that the disputed services were the duty of the secretary as such, a link in the plaintiff's chain of evidence was fatally omitted; not only that, but the non-official character of the major part of the services (as testified to and above described), is perfactly clear on the face of them. and a fortiori, appellant's objection to testimony in that behalf should have been sustained. That the burden of proof was on plaintiff to show the alleged services to be official, and that it did not lie with appellant to show their non-official character. The decision of the question presented in this position fixes the pivotal point of the case. Conceding that, in the absence of proof to the contrary, it is to be presumed that appellant, as a Dakota corporation, had some sort of by-laws; yet the presumption that there was a by-law on any given point is very slight indeed. It is conceded that there was no by-law upon the compensation of officers. Now the statute (Section

404 *supra*), mentions "compensation and duties" as one of the appropriate subjects for by-laws—mentions them together, as quoted. And certainly the commercial relations between compensation and duty is as close as the statutory mention. They are a pair of inseparables.

We think it a natural and legal presumption that by-laws silent as to official compensations, were equally silent as to official duty. There could then have been nothing gained by either party through production of the by-laws, if there were any.

The general body of the law, always elastic and always filling the chinks and crevices of statutory enactment, adds to Section 408, *supra*, and makes the clause therefrom quoted read in effect, "must perform the duties enjoined on them by (statutory) law and the by-laws of the corporation, and any other duties that they, as such officers, shall undertake by and with the assent and authority of such corporation."

It follows then, that the plaintiff's testimony that, as secretary, he rendered the services therein described, was admitted without error, although some of the items of service do not fall within the narrower interpretation of the scope and functions of secretary. The secretary of a railway corporation is not necessarily a mere scribe, or minute clerk; and it was perfectly competent for appellant to adopt, in legal effect, the broad construction of plaintiff's duties as secretary, which, according to his testimony, it did adopt. Under the pleadings the breadth and scope of plaintiff's duties as secretary was a question of fact, upon which parol testimony was competent—there being in this case, as we have seen, no presumption that such duties were prescribed and limited in the by-laws, but rather a presumption that the by-laws, if any, were silent on that subject. Appellant, as custodian of its own records, would have certainly rebutted this presumption, had it not been supported in fact.

It seems to be conceded by appellant that the plaintiff would be entitled to recover a reasonable compensation for his services as secretary, in the absence of the express agreement

set up by appellant that such services should be rendered as a
gratuity. But the authorities are not harmonious on this and
kindred questions pertaining to the right of an officer of a cor-
poration to recover in an action against it, damages in compen-
sation of his official services, in the absence of express agree-
ment to pay for the same. The supreme court of Iowa, in a
case cited by appellant, say upon this point: "We understand
the rule to be that when an officer of a corporation performs
the usual and ordinary duties of his office, as defined by the
charter and by-laws, he cannot recover compensation therefor,
unless it has been so specially agreed. He cannot in such case
recover what the services were reasonably worth." Citizens
National Bank v. Elliott, 55 Iowa, 106; and authorities therein
cited. The reason of this rule undoubtedly rests upon the fact
that the duties of the charter officers of a corporation are, in
ordinary practice, not arduous; as well as upon the fact that
the holders of such offices have very frequently been men of
wealth, finding in their corporate office sufficient compensation
in the opportunity thereby afforded to protect their corporate
interests, and, therefore, making the precedent of asking and
receiving no salary. Hence "directors of banks and of many
other corporations usually receive no compensation." Pew v.
First National Bank, 130 Mass. 391.

But the Iowa tribunal in the case above cited, further say:
"It may be conceded for extraordinary services, such as do not
pertain to the office, there may be a recovery, although it has
not been so specially agreed," and add, in substance, that to
recover for such extraordinary services they should be specially
pleaded and proved as such.

We do not think our holding in this case contradicts the
spirit of any well considered authority. We hold that where a
corporation has construed the duties of its secretary to include
a field of arduous work, not strictly within the ordinary inter-
pretation of the functions of that office, the secretary, after
such duties performed can recover in an action against the cor-
poration a reasonable compensation therefor, and will not be
held to distinguish between ordinary and extraordinary ser-

vices. The claim of express agreement to serve gratuitously would, of course, if established, defeat the right to recover. As to the existence of such agreement in the case at bar, there was a conflict in the evidence. The jury found that such agreement had not been made.

Another objection of appellant to the ruling of the district court in admitting evidence is that the plaintiff and certain other of his witnesses testified as to the value of the services rendered, without, as claimed by appellant, properly showing qualifications to so testify. We think that in the case of Tucker v. Massachusetts Central Railroad, 118 Mass. 546, the court correctly held that, "The question whether a witness has the requisite knowledge to enable him to give his opinion (as to value) is one which is largely within the discretion of the presiding judge." As to plaintiff's competency to testify as to the value of his services, we do not think that the language used in Mercer v. Vose, 67 N. Y., 56, is based upon a rule too liberal: "I can conceive of no cause where one has himself rendered service, when he will not be competent to give evidence of its value." There may be many cases in which such evidence is of little weight, but it is entitled to go to the jury for what it is worth. In the case at bar, as in that of Mercer v. Vose, *supra*, "the other witnesses were well acquainted with the plaintiff, knew his business capacity, and had some general knowledge of the value of such services as he rendered." Their testimony as to value was properly received.

We find no error in the proceedings of the district court, and the exceptions to the verdict, as against the evidence, we deem not well taken. The jury found all issues in favor of the plaintiff. In their verdict they largely cut down the estimate as to value of services given by plaintiff and his witnesses. We cannot see that the verdict was excessive, or was rendered under the influence of passion and prejudice. There is evidence in support of it; and following a principle that may now be regarded as almost axiomatic, we, as an appellate tribunal, cannot disturb the verdict. The judgment of the trial court is therefore affirmed. All the justices concurring.