# The Chicago and Eastern Illinois Railroad Company

## *v.*

## John Bivans.

*Filed at Springfield November 2, 1892.*

1. EVIDENCE—*of the worth of services.* On the trial of an action for a personal injury to the plaintiff, he was asked what his services were reasonably worth, in his estimation, per day, for the time he lost on account of such injury. He answered: "Well, I would say this: that for just my services alone, a dollar and a half a day. May be that is high, and may be it is not:" *Held*, that the answer was but the expression of the opinion of the witness of the fair and reasonable pecuniary

value of his services by the day during the time mentioned, and the evidence was clearly competent.

2. Appeals—*reviewing the facts.* In an action on the case to recover damages for a personal injury, the affirmance of a judgment for the plaintiff by the Appellate Court is conclusive evidence in this court on all questions of fact. The decision of that court that the evidence sustained the verdict of the jury, and that the plaintiff used ordinary care, is final, and can not be reviewed by this court.

3. Practice in the Supreme Court—*error will not always reverse.* Where the evidence is ample that a railway train, at the time of inflicting a personal injury in a village, was running at a speed prohibited by ordinance, and that fact is not controverted, the testimony of two witnesses that the train, before reaching the village, was running at a greater rate of speed than allowed by such ordinance, is not such error as to call for a reversal, as it can work no prejudice to the company.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. C. B. Smith, Judge, presiding.

Mr. W. H. Lyford, and Mr. J. B. Mann, for the appellant.

Mr. G. W. Salmans, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

This was an action on the case, for negligence, in the Vermilion circuit court, by appellee, against appellant. The alleged negligence was in running a train through the village of Rossville at a greater speed than permitted by its ordinances, and thereby frightening the team of appellee, so that it ran away and threw him off his wagon and personally injured him. Judgment was rendered for appellee in the trial court, and affirmed in the Appellate Court for the Third District.

The printed arguments presented to the Appellate Court on behalf of appellant contended for a reversal of the judgment of the trial court upon three grounds only, namely: "First, that the verdict and judgment are not sustained by a preponderance of evidence; second, that the court erred in admitting improper testimony on behalf of the appellee; third, that the

appellee failed to exercise ordinary care for his safety." The same printed arguments that were presented to the Appellate Court are presented to this court, and no additional arguments, either oral or in writing, have been presented to this court.

The decision of the Appellate Court is final as to the first and third contentions *supra*, and it remains only for us to inquire whether the judgments below should be reversed on the second contention.

The first ruling objected to under this head was in permitting witnesses Swede and Thomas to testify that the train causing the alleged wrong was, before reaching the limits of Rossville, running at a greater speed than that allowed by the ordinances of Rossville. But there was, in fact, no controversy upon the trial whether the train was running, at the time the alleged wrong was done, within the limits of Rossville, at a greater speed than that allowed by its ordinances. Numerous witnesses testified to facts showing that it was thus running, and appellant did not even attempt to prove otherwise. It is therefore impossible that the evidence of these witnesses could in anywise have prejudiced the rights of appellant.

The only other ruling objected to, under this head, is, that the court permitted appellee to testify what his services were reasonably worth during the time that he was disabled from work by the injury he received in consequence of the alleged negligence of appellant. The record shows the following, in that respect, while appellee was testifying in answer to questions propounded by his counsel:

Q. "What were your services for the time you lost, reasonably worth?

A. "Well, that would be hard for me to state what they would be worth.

Q. "Well, what do you think they would have been reasonably worth to you and to your family? (Objected to by defendant.)

The court: "I think it is proper for him to show what his services were fairly worth. That part of the question that refers to the family is not material. (Exception by defendant.)

Q. "What were your services reasonably worth, in your estimation, per day, for the time you lost? I do not mean to include in that, compensation for suffering, but what you would reasonably have been able to earn if you had·not been hurt?

A. "Well, I would say this: that for just my services alone, a dollar and a half a day. May be that is high, and may be it is not,—could not say."

Very clearly this is but the expression of the opinion of the witness of the fair and reasonable pecuniary value of his services, by the day, during the time mentioned, and we think it was clearly competent.

The judgment is affirmed.

*Judgment affirmed.*