JEFFERSON D. BOGUE, Respondent, v. E. L. CORWINE, Administrator D. B. N. of ESTATE OF W. B. RUDISILL, Appellant.

### St. Louis Court of Appeals, May 23, 1899.

**Demand in Probate Court:** SUBSTITUTION OF DEMANDS: ESTOPPEL. In the case at bar, it is claimed that the plaintiff is estopped to ask and recover in excess of the balance as shown by the first demand exhibited by him; held, that the plaintiff could withdraw the first demand, which was the result of a compromise agreement which the administrator repudiated, and substitute one for the amount which was justly due him.

*Appeal from the Ralls Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

J. W. HAYS, WM. CHRISTIAN and J. O. ALLISON for respondent.

The trial court and the jury knew these men, observed their manner, weighed what they said and placed the right value upon it, and the appellate court will not now take this matter up and place a different value upon this evidence. Reid v. Ins. Co., 58 Mo. 421, 429; Hull v. Railway, 60 Mo. App. 593, 597. The appellant contends that incompetent evidence was admitted as to the value of the services. The evidence shows that the witnesses Winn, Elliott, Birney and Frazer were all farmers, living near Rudisill, and were sufficiently qualified and competent to testify as to the value of Mr. Bogue's services. These witnesses testified fully as to the character of Mr. Bogue's services from actual knowledge and

observation of the same.   Having done this the jury could determine the value of such services without the opinion of witnesses.   The best way to prove the value of services is to prove the nature and extent of the services by witnesses having actual knowledge of the same and let the jury  determine  the value.   Anslyn v. Frank, 8 Mo. App. 242; Kelly v. Rowane, 33 Mo. App. 440; Brown v. Hufford, 69 Mo. 305; Thomas v. Mallenckrodt, 43 Mo. 58; Railroad v. Norcross, 137 Mo. 415; Willison v. Smith, 60 Mo. App.  469.   The opinions of witnesses as to the value of services are  merely  advisory,  where the nature and  extent of the services are shown, and are not binding upon the jury.    Rose v. Spies, 44 Mo. 20; Powell v. Railroad, 59 Mo. App. 335;  Cosgrove v. Leonard,  134  Mo. 419; McCloskey v. McCloskey, 68 Mo. App.  199.    In Railroad  v.  Norcross, 137 Mo. 431, the court says:    "Whether a man has acquired sufficient information to qualify him to give an opinion is a question that must rest largely within the discretion of the trial court."    If it should be held that there was some opinion  evidence improperly admitted as to the value of the services, it was harmless error, in view of all the evidence there was on that subject, and especially in  view of  the  fact that the appellant objected to the introduction of further evidence as to the  character  and  value of  the  services because they had  been  sufficiently proven, and his objection was sustained by the court.    Miller v.  Miller, 14  Mo.  App.  418; Am. and Eng.  Ency. of Law [1 Ed.], p. 506; McLendon v. Frost, 59 Ga. 448.

R. E. Anderson and E. L. Corwine for appellant.

As to the second and principal item of respondent's claim, it is based upon a *quantum meruit,* and the burden rested upon him to prove the value of his services.   This could not be done as was attempted in this case by bringing in interested or prejudiced witnesses and permitting them to testify that the value

of Bogue's services to Rudisill was so and so, but could only be done by persons familiar with the prices for farm hands prevailing in the neighborhood.     In this case not a single witness introduced by respondent qualified himself to speak on that subject.     Value is a matter of opinion to be proved by persons acquainted therewith, and, not having shown themselves acquainted with the market value of respondent's services, the objection of appellant to their deliverance on the subject ought to have been sustained.     Tate v. Railway, 64 Mo. 149; Mo. Fire Clay Works v. Ellison, 30 Mo. App. 68; Bowne v. Ins. Co., 46 Mo. App. 473.     The verdict of the jury was contrary to and not supported by the evidence.     Though there might have been a question as to the aggregate of the amount charged to respondent on the books of deceased, yet, he having based his claim upon a contract of hiring at $150 per year for twelve years, and having made oath to it in first presenting his claim to the probate court, is estopped from basing his claim on a *quantum meruit* and claiming a larger amount, and when the verdict was in excess of the amount claimed in his original demand, the court should have required the respondent to enter a remittitur for the excess, or else should have set aside the verdict.     Knoop v. Kelsey, 102 Mo. 291; Bensieck v. Cook, 110 Mo. 173.     This is not a different proceeding, but the same suit, and the doctrine applies in this case.     Comstock v. Eastwood, 108 Mo. 41.     The verdict was in the very teeth and face of the uncontradicted evidence of four credible witnesses on the part of appellant as to the declarations and admissions of respondent that he was working for $150 per annum, and this in connection with the fact that respondent had made oath in the probate court that the balance due him was $1,048.60, shows that the verdict was the result of passion or prejudice on the part of the jury, and for that reason the verdict should have been set aside.     Ackley v. Stacklin, 56 Mo. 558; Doering v. Saum, 56 Mo. 479.

BIGGS, J.—The plaintiff presented to the probate court the following demand for allowance against the estate of Marcus B. Rudisill, to wit:

To one year's work on farm, Jany. 1st, 1884, to
    Jany. 1st, 1885 .................... ..........$  150.00
To 11 years work on farm from Jany. 1st, 1885, to
    Jany. 1st, 1896, of the reasonable value of
    $200 per year ......................... .... 2,200.00
                                                   

Total...... .......... ...... ...... ...... ....$2,350.00
Credited by ........... ................... 752.40

Amt. due Jefferson D. Bogue to balance ........$1,597.60

This claim was presented on the ninth day of August, 1897. Previous to this the plaintiff had presented the following claim against the estate, which he subsequently dismissed, to wit:

To work of J. D. Bogue for Marcus B. Rudisill,
    twelve years at $150 per year.... .........$1,800.00
By amt. of all charges as appear on M. B. Rudisill's
    books ............................ ...... .. 751.40

To balance due.......... ..............$1,048.60

Both claims were sworn to by plaintiff and both referred to the same services. On a trial in a circuit court the jury returned a verdict for $1,400 on the demand. From the judgment allowing the demand for that amount the administrator has appealed.

The assignment that the verdict is unsupported by the evidence must be overruled. That the plaintiff rendered the service is not denied. There was evidence that the deceased stated that he was to pay plaintiff $150 for the first year, and that if he was pleased with him he would pay him more thereafter. The plaintiff proved by several witnesses that he was an exceptionally good farm hand, and that the deceased

repeatedly said that if plaintiff should leave him he would be compelled to quit the farm.

The circuit court permitted several farmers, who were neighbors of the deceased, and who hired hands and knew the value of farm labor, to testify as to the value of plaintiff's services. There was no error in this. As was said by this court in Kelly v. Rowane, 33 Mo. App. 440: "The value of ordinary labor is a matter of such common knowledge that almost any intelligent citizen may be presumed to know it, and one who employed such labor constantly may well be regarded competent to testify concerning it."

There was a controversy at the trial as to the true amount of creditors shown by the books of the deceased. The additions were made by four parties, all of whom differed. The plaintiff's witnesses on this subject claimed that some of the amounts had been changed after the death of the deceased. The leaves of the book containing the account and which are appended to the transcript, were exhibited to the jury. The amounts are badly arranged so that as to some items it is difficult to determine whether the figures represent dollars or cents. The jury determined the matter in favor of plaintiff's contention, and we are not disposed to disturb the finding.

It is claimed that the plaintiff is estopped to ask and recover in excess of the balance as shown by the first demand exhibited by him. This contention must likewise be overruled. The plaintiff's proof was that the first demand was the result of compromise agreement which the administrator afterwards repudiated, and that thereupon the plaintiff withdrew the demand and substituted one for the amount which was justly due him. With the concurrence of the other judges, judgment of the circuit court will be affirmed. It is so ordered.