**John Schlumbrecht, Appellee, v. Chicago City Railway Company, Appellant.**

### Gen. No. 14,993.

1. EVIDENCE—*what competent upon value of plaintiff's time.* *Held,* that it was competent for the plaintiff in an action on the case for personal injuries to give his opinion as to the value of his time as a bartender serving in his own saloon.

2. EVIDENCE—*effect of failure to strike out unresponsive answer.* An improper refusal to strike out an unresponsive answer will not reverse if no harm appears to have resulted.

3. INSTRUCTIONS—*approved form as to credibility of witnesses.* An instruction upon this subject, as follows, approved:

"The jury are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony."

4. INSTRUCTIONS—*when omission of phrase "as to such fact" will not reverse.* The words "as to such fact" are to be understood at the close of an instruction as follows:

"The court instructs the jury, that they are not bound to believe anything to be a fact because a witness has stated it to be so, providing they believe from the evidence that the witness is mistaken or has testified falsely."

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 17, 1910.

WILLIAM ROTHMANN and C. LEROY BROWN, for appellant; JOHN R. HARRINGTON, of counsel.

SCHUYLER F. LYNN, CLIFFORD G. ROE, ARTHUR A. HOUSE and JAMES W. KEATING, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for personal injuries plaintiff had judgment for $5500 and defendant appealed. Defendant operated an electric street railway in Halsted street. Thirty-third street east of Halsted is south of that street west of Halsted, and the usual stopping place of north-bound cars, which run on the east track, is at the northeast corner of Halsted and Thirty-third as it is east of Halsted. Plaintiff was injured in attempting to go on the front platform of a north-bound Halsted street car near Thirty-third street. The testimony of plaintiff was that he stood just north of the north cross-walk in Thirty-third street and signaled the car to stop; that it stopped with its front end about twelve feet north of said cross-walk; that he walked forward to the front end of the car, took hold of the rail on the car with one hand and the dash with the other, put one foot on the step and was trying to put the other up, when the car started suddenly forward and he lost his hold and balance and fell, with his right foot in such position that the wheels passed over it and so injured it that it was necessarily amputated about the middle of the instep. The testimony of the plaintiff was corroborated by the testimony of O'Brien and Miss Daley, each of whom testified to witnessing the accident from the southeast corner of Thirty-third and Halsted. In direct conflict with their testimony was the testimony of Collins, the motor man, and Kilroy, who testified that he was on the front platform of the car at the time of the accident. Both testified that the car did not stop or slow down on reaching Thirty-third street; that plaintiff attempted to get on to the front platform while the car was running at a speed of eight or

ten miles per hour, and in doing so missed or lost his hold on the hand-rail, fell and was injured.

The negligence alleged in the first count of the declaration was, that the car having stopped on signal to permit plaintiff to go on the car; that the defendant negligently started the car forward at a rapid rate of speed before plaintiff had time to go upon said car, and while he was in the act of climbing on the steps of said car, by reason whereof, by the sudden motion of the car, plaintiff was thrown from the car and injured.

If the jury believed the testimony of plaintiff, O'Brien and Miss Daley, they properly might find the defendant guilty. If they believed the testimony of the motor man and Kilroy, they could not do otherwise than find the defendant not guilty, for taking their testimony as true, the defendant was not negligent and the plaintiff was guilty of gross negligence. On the evidence in the case the contention of appellant that the "verdict is not justified by the evidence" cannot be sustained.

The declaration alleged that by reason of his injuries plaintiff has been prevented from attending to his affairs and business, and thereby lost great gains and profits, etc. Plaintiff testified that he had a saloon and before the accident was his own bartender, and that for nine months after his injury he was unable to tend his bar. He was asked by his counsel what his time was worth during said nine months. Counsel for defendant objected to the question on the ground that it called for a conclusion, the court overruled the objection and plaintiff answered "about four dollars a day." We think this was but the expression of the opinion of the witness as to the pecuniary value of his services by the day during the time mentioned, and that it was competent. C. & E. I. R. R. v. Bivans, 142 Ill. 401; C. U. T. Co. v. May, 221 id. 530; C. U. T. Co. v. Brethauer, 223 id. 521.

On the cross-examination of plaintiff's witness O'Brien he was asked if he did not at a specified time

and place say to plaintiff's counsel, "the car came along and slackened up speed and was coming to a stop, but was still in motion, and he tried to get on, but seemed to miss his hold and fell back and fell to the ground," and answered, "that is the way you wanted me to say it. I have told you that the car stopped." Defendant's counsel moved to strike out the answer and the motion was overruled and defendant excepted. The answer was not responsive and should have been struck out. Math v. C. C. Ry. Co., 243 Ill. 114. But we do not think that the judgment should be reversed because of such refusal. The question was repeated and finally the witness answered, "No, I did not tell him that."

We see no objection to plaintiff's instruction 3 that: "The jury are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony."

By the plaintiff's instruction 5 the jury were told that in weighing the evidence "the relations which exist between any witnesses and either party to the suit, if any has been shown by the evidence" might be considered by the jury. In defendant's instruction 8 they were told that in determining on which side was the preponderance of the evidence the jury might take into consideration, among other things, "the relation or connection, if any is shown by the evidence, between the witnesses and the parties to the suit." Appellant's contention that the judgment should be reversed because of the giving of plaintiff's instruction 5 cannot be sustained.

Defendant's instruction 6 is as follows:

"6. The court instructs the jury, that they are not bound to believe anything to be a fact because a witness had stated it to be so providing they believe from the evidence that the witness is mistaken or has testified falsely."

We think that in construing this instruction the words "as to such fact" are to be understood at the

close of the instruction, and therefore that the instruction is not erroneous. Goss Printing Co. v. Lempke, 191 Ill. 199.

The following is plaintiff's instruction 7:

"7. While the credit of a witness may be impeached by showing he or she made statements out of court contradictory to and inconsistent with his or her testimony on the trial concerning matters material and relevant to the issues, still the jury are not bound to disregard the testimony of a witness thus impeached, if they believe that the witness while on the witness stand gave a truthful, candid and honest statement of the facts and circumstances surrounding the transaction in question, but notwithstanding such impeachment the jury may give such weight and credit to such witness as in their opinion from all the evidence before them it is entitled to."

Defendant laid the foundation for impeaching plaintiff's witness O'Brien, but offered no evidence of his contradictory statements. His admissions on cross-examination as to contradictory statements were all as to immaterial matters. The instruction should have been refused, but we do not think that the giving of it was harmful to the defendant.

Appellant also contends that each of plaintiff's instructions 9, 10 and 12 is erroneous. We find no error in any one of said instructions.

In view of the serious nature of plaintiff's injury and the effects of such injury, as shown by the evidence, we cannot say that the damages are excessive.

The judgment is, we think, free from reversible error, and the judgment is affirmed.

*Affirmed.*