HARRY TROLL, Respondent v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

St. Louis Court of Appeals.    Submitted on Briefs January 13, 1913.    Opinion Filed March 1, 1913.

1. **APPELLATE PRACTICE: Review: Granting Continuance.** While the granting of a continuance is a matter within the discretion of the trial court, yet such discretion must be exercised reasonably, and it is open to the appellate court to determine whether or not that was done.

2. **CONTINUANCES: Diligence.** In a proceeding brought by a widower, to whom letters of administration on his deceased wife's estate were refused, pursuant to Sec. 10, R. S. 1909, defendant moved for a continuance on the ground that a motion was pending before the probate court to vacate the order of refusal to grant letters. This application did not aver that defendant had been diligent, and the proof offered in support of it failed to show any diligence on its part. *Held*, that, inasmuch as diligence on the part of defendant was not shown, the court did not err in denying the application.

3. **APPELLATE PRACTICE: Binding Effect of Theory at Trial.** Where defendant stood upon the denial of his application for a continuance and refused to introduce any evidence on the merits, the appellate court, upon determining that no error was committed in such denial, will not reverse the judgment for plaintiff and remand the cause, in order to allow defendant to

introduce its defense; and especially is this true where no claim that it had a meritorious defense was set up in either the trial court or the appellate court.

4. **WITNESSES: Competency of Attorney: Value of Services.** An attorney who renders professional services is a competent witness as to their value.

5. **APPELLATE PRACTICE: Vexatious Appeal: Penalty.** Where an appeal is without any merit but the verdict of the jury awarding damages and attorney's fees under the provisions of Sec. 7068, R. S. 1909, is sufficient to cover the case, an award of ten per cent damages as for a vexatious appeal will not be made.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Fordyce, Holliday & White* for appellant.

(1) The trial court erred in refusing appellant's request for a continuance. R. S. 1909, sec. 1955; Laun v. Ponath, 105 Mo. App. 203; McDonald v. McDonald, 115 Mo. App. 617; Alt v. Grosclose, 61 Mo. App. 409; Funstall v. Hamilton, 8 Mo. 500; Nichols v. Grocer Co., 66 Mo. App. 321; Moore v. McCullogh, 6 Mo. 444; Rottman Co. v. Van Frank, 88 Mo. 50; Franks v. Wanzer, 25 Miss. 121; State v. Maddox, 117 Mo. 667. (2) The motion pending in the probate court was good ground for a continuance. R. S. 1909, sec. 10; Donaldson v. Lewis, 7 Mo. App. 403; Keokuk Northern Line v. Davidson, 13 Mo. App. 561; Johnson v. Beazley, 65 Mo. 250; Clark v. Clough, 62 N. H. 693; Morgan v. Squier, 8 Ind. 511; Franks v. Wanzer, 25 Miss. 121.

*Jno. B. Dempsey* for respondent.

(1) The motion of defendant for a continuance was properly overruled. The affidavit fails to show any diligence upon the part of defendant and fails to

state that its application is not made for vexation or delay. Sec. 1959, R. S. 1909; Barker v. Patchin, 56 Mo. 241; Valee v. Picton, 91 Mo. 207. (2) This appeal is absolutely without merit and the judgment should be affirmed, with ten per cent damages. Sec. 2084, R. S. 1909; Mooneyham v. Cella, 91 Mo. App. 260; Lindewschmidt v. Vallee, 23 Mo. App. 594.

REYNOLDS, P. J.—This is an action on a policy of insurance on the life of one Daisy Schneider, originally brought by one Albert Schneider, the policy being for $222, loss in case of death payable to the executors or administrators of the insured, it being stipulated in the policy that if the insured should die within six months after its issue, only one-half of the amount set out in the policy should be paid. The policy is in the usual form of prudential and industrial insurance policies. The action was instituted before a justice of the peace to recover one-half of the amount of the face of the policy, that is to say, $111, the insured having died within six months after the issue of the policy. Plaintiff recovered before the justice and defendant appealed to the circuit court. It is set out in the statement filed before the justice and on which it was tried in the circuit court, that after the death of the insured the original plaintiff had appeared before the probate court of the city of St. Louis, claiming to have been the husband and now the widower of the deceased, and representing that there was no estate, outside of this policy, to which the deceased was entitled, asked that the court direct that no letters of administration be issued. Acting under the provisions of section 10, Revised Statutes 1909, the probate court refused to grant letters of administration on the estate, it appearing that that estate was not greater in amount than allowed by law as the absolute property of the widower. When the cause was called for trial in its order in the circuit court, defendant moved for

a continuanec on the ground that there was pending
before the probate court a motion to vacate this order
of refusal to grant letters. The circuit court overruled
the motion for a continuance, after hearing evidence
for and against it, and directed the trial to proceed.
A jury was thereupon impanelled and plaintiff intro-
duced his evidence, that evidence consisting of the cer-
tificate, proofs of death which had been furnished the
defendant company and oral testimony as to the death
of the insured; also as to the value of the services
of the attorney for plaintiff in the prosecution of the
cause before the justice and in the circuit court, the
testimony as to the latter being given by that attor-
ney, who stated that the reasonable value of these serv-
ices was fifty dollars. Defendant objected to the in-
troduction of any evidence on the ground that the
court had improperly refused the continuance. It also
objected to the testimony of the attorney as to the
value of his services, on the ground that that attorney
was not a competent witness to prove the value of his
services. Beyond again offering in evidence the mo-
tion pending in the probate court for the revocation
of the order of that court and which evidence was ex-
cluded as irrelevant to any issue on trial, defendant
neither offered nor introduced any testimony.

The court instructed the jury as to the main issue
in the case, also instructing that if the jury believed
from the evidence that defendant refused to pay plain-
tiff the amount due under the terms of the policy and
found from all the facts and circumstances shown by
the evidence that its refusal to pay was vexatious, that
is without reasonable cause for such refusal, they might
allow plaintiff, in addition to the amount of the policy
and interest, a further sum, not exceeding fifty per cent
of the $111, as damages, together with such further
sum as and for an attorney's fee as and from the evi-
dence the jury might find to be fair and reasonable

for such legal services, if any, as from the evidence the jury might find to have been rendered by the attorney for the plaintiff in prosecuting the cause.

The jury returned a verdict in favor of plaintiff in the sum of $178.21. Judgment following, defendant filed its motion for new trial as well as in arrest and these being overruled duly perfected its appeal to this court.

It appears that after the appeal, the public administrator of the city of St. Louis, by consent and on stipulation of counsel, was substituted as the respondent in place of the original plaintiff, Albert Schneider, and that pending the determination of the cause in this court the probate court revoked its order refusing letters of administration to Albert Schneider, whereupon the public administrator took charge of the estate by virtue of his office, so that in this appeal the public administrator now appears as respondent by substitution for the original plaintiff.

It is very earnestly argued by counsel for appellant that the trial court abused its discretion in refusing to grant the continuance by reason of the pendency of the motion in the probate court to vacate its order refusing letters of administration. While the matter of granting a continuance is entirely in the discretion of the trial court, it has been held in very many cases that the discretion must be reasonably exercised, and that it is open to the appellate courts to determine whether that has been done. If not, it may be set aside. We see no reason in this case to find that that discretion was abused. The trial court heard the evidence as to the matters connected with the application before the probate court for setting aside its order and found as a matter of fact that due diligence had not been used; in fact the application for continuance itself failed to aver due or any diligence, and the proof offered showed no due diligence on the part of de-

fendant. We find no error in the action of the trial court in denying a continuance.

It is urged by counsel for appellant that, even granting for argument that there was no error in denying the application for a continuance, the case should be reversed and remanded in order that defendant may put in such evidence as it has against the validity of the claim, and which evidence they did not put in in the trial court, because, as it claims it stood on the refusal of the court to grant a continuance. When defendant chose to take that course and stand on that point, it does not behoove it to come in, having lost on that, and practically claim the benefit of now making a defense to the merits. There was nothing whatever to prevent defendant at the trial of the cause in the circuit court from introducing all the evidence it had as against the claim itself. As it chose to take the chances on the proposition of error in refusing the continuance, it must abide the consequences. Moreover, the defendant not only did not set up any claim of a meritorious defense in the trial court, but beyond its counsel stating in their printed argument filed with us that "this case should be reversed and remanded for a new trial in order that appellant may have an opportunity to defend the same on the merits," there is no suggestion whatever that defendant had a meritorious defense or even what its defense is. Judgments of the courts are not to be reversed on such a showing.

The proposition made, that the attorney who rendered the services was incompetent to testify as to the value of those services, is novel and without any merit whatever. We know of no more competent witness as to the value of professional services than the man who rendered them.

We are asked to award ten per cent damages in this case as for a vexatious appeal. Although we think

this appeal without any merit, we consider that the verdict of the jury, awarding damages and attorney's fees, as was done under the provisions of section 7068, Revised Statutes 1909, is sufficient to cover this case. Hence we decline to make an award of additional damages.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.