LUDA NESBIT, Respondent, v. R. G. SHISLER, Appellant.

St. Louis Court of Appeals, June 24, 1913.

1. EVIDENCE: Opinion Evidence: Value of Services. The general rule is, that a witness may place a value on his own services.

2. ——: ——: ——. The services rendered as bookkeeper for a farmer and as paymaster of the laborers employed by him are not such as require special skill and training, and testimony as to their value cannot be properly classed as expert testimony, and hence any ordinary witness who is familiar with the facts or is sufficiently familiar with services of that character to enable him to form a reasonable opinion as to the value of such services may state what, in his opinion, they are reasonably worth.

Appeal from Franklin Circuit Court.—*Hon. R. A. Breuer*, Judge.

AFFIRMED.

*James Booth* for appellant.

The rule has always been that before the witness would be allowed to express an opinion on the value of services, it must first be shown that the witness knew the value of such services. Naughton v. Stagg, 4 Mo. App. 275; Schrodt v. St. Joseph, 109 Mo. App. 630; Lorrance v. Coryl, 4 Den. (N. Y.) 370.

*W. L. Cole* for respondent.

(1) The value of ordinary labor is a matter of such common knowledge that almost any intelligent citizen may be presumed to know it, and one who employs such labor may well be regarded competent to testify concerning it. Bogue v. Corwine, 80 Mo. App. 620; Kelly v. Rowane, 33 Mo. App. 440. (2) A witness may place a value upon his own services, including agricultural services, as those of a farmer, and domestic services, as those of a housekeeper or nurse. 17 Cyc. 116; Edwards v. Railroad, 4 Dak. 549; Railroad v. Bivins, 142 Ill. 401; Wahl v. Shoulders, 14 Ind. App. 665; Carter v. Christie, 1 Kan. App. 604; Fowler v. Fowler, 111 Mich. 676; Mercer v. Vose, 67 N. Y. 56; Levitt v. Miller, 64 Mo. App. 152.

ALLEN, J.—This is an action for work and labor performed by plaintiff for the defendant, as bookkeeper and paymaster for defendant's hands or farm laborers. The account filed with the petition covers a period of twenty and one-half months, at ten dollars per month, totaling $205. The cause was tried before the court without a jury, no instructions or declarations of law being asked or given. The finding of the court was in

favor of plaintiff for the sum sued for, and the defendant has appealed.

But one question is involved in the appeal, and that pertains to the action of the lower court in permitting plaintiff, over defendant's objection, to testify as to the reasonable value of the services rendered by her for the defendant. It is urged by appellant that this was expert testimony, and that before plaintiff could properly be permitted to express an opinion as to the value of her services, it was necessary to show that she was qualified as an expert concerning services of this character.

It is readily apparent, however, that there is no merit in this contention. The general rule is that a witness may place a value upon his own services. [Mercer v. Vose, 67 N. Y. 56; Chicago, etc., R. Co. v. Bivans, 142 Ill. 401; Fowler v. Fowler, 111 Mich. 676; Missouri Pac. Ry. Co. v. Palmer, 55 Neb. 559; Wahl v. Shoulders, 14 Ind. App. 665; Carter v. Christie, 1 Kan. App. 604; Edwards v. R. R. Co., 4 Dak. 549; 17 Cyc. 116. See, also, Troll v. Insurance Co., 154 S. W. 869.]

In Mercer v. Vose, supra, the court speaking through EARL, J., said: "I can conceive of no case where one has himself rendered a service to another, when he will not be competent to give evidence of its value. Knowing the precise nature of the service rendered, he must have some knowledge of its value, and he is thus competent to give his opinion. It may not be worth much. Its weight, however, is for the jury." And this language has been frequently quoted on the question here under consideration.

The services in question are not such as require special skill and training, and testimony as to their value cannot be properly classed as expert testimony. Almost any intelligent citizen may be presumed to know the reasonable value thereof, as a matter of common knowledge. [See Kelly v. Rowane, 33 Mo. App.

440; Bogue v. Corwine, 80 Mo. App. 616.] And ordinary witnesses, familiar with the facts, or having sufficient familiarity with services of that character to form a reasonable inference as to value, may state what, in their opinion, such services are reasonably worth. [See Storms v. Lemon, 7 Ind. App. 435; 17 Cyc. 121, 122.] In fact this court has held, in Mabrey v. Gravel Road Co., 92 Mo. App. 596, that it was not essential that any testimony be introduced before a jury in a rural community as to the value of ordinary farm labor, as it would be presumed that the jurors, from their common knowledge and experience, would be capable of intelligently determining that question without the aid of the opinion of any witness.

In the case before us, certainly the plaintiff who performed the services could properly state what, in her opinion, they were reasonably worth; the weight to be given to such testimony being a matter for the jury.

The judgment of the circuit court is affirmed. *Reynolds, P. J.*, and *Nortoni, J.*, concur.