## Franke v. Middle City Realty Corporation.

*Evidence—Experts—Personal experience—Plaintiff as expert.*

1. In an action to recover on a *quantum meruit* for professional services as an estimator, a plaintiff who has had large personal experience in the business of estimating is competent to testify as to the value of his own services.

2. Where an action is brought to recover on a *quantum meruit* for services rendered on a particular job, a witness whose experience has given him knowledge of the value of work of a character similar to that done by the plaintiff, on an annual basis of employment, is not competent to place a valuation on the plaintiff's services.

Motion for new trial. C. P. No. 5, Phila. Co., June T., 1922, No. 7955.

*Henry, Pepper, Bodine & Stokes,* for plaintiff; *Stanley Folz,* for defendant.

McPHERSON, P. J., 51st judicial district, specially presiding, Sept. 29, 1923.—The plaintiff, M. R. Franke, for twenty-one years prior to 1922 had

3 D. & C.

been employed successively by three large contracting engineering firms, located in Pittsburgh, New York and Philadelphia, and did therein the work which is known as "estimating." For two years during this period she studied construction engineering at Carnegie Institute, Pittsburgh. In her line of work she had become very expert and was a most reliable employee, having knowledge of all the details of construction, a wide acquaintance with materialmen, a knowledge of construction contracts and the various uses of material available for construction work. Early in 1922 she severed her connection with her last employer and opened an office of her own, holding herself out to be a construction engineer. Early in March she became acquainted with the officers of the defendant corporation and discussed with the president thereof the company's plans relative to the construction of a large office building in Philadelphia, plans for which were in the hands of an architect, and upon which they expected shortly to begin work. As a result of these conversations with the defendant's president, the plaintiff was employed by him for the defendant to go over the plans and specifications furnished the defendant by its architect, with the idea of securing bids on the various sub-divisions of this work and having the building constructed by the various sub-contractors engaged under the supervision of the plaintiff. The plans and specifications were put into the hands of the plaintiff on or about April 21, 1922. Upon receipt of these plans and specifications, the plaintiff started work to obtain bids, communicated with the architect and contractors, and made suggestions for altering the specifications for the purpose of saving costs, and in accordance with these suggestions and others in conjunction with the architect, a saving of probably $50,000 on the total cost of construction was effected. The plan of the defendant, however, to construct the building by sub-contractors under the supervision of the plaintiff was not carried out because the financial interests which were to advance the money were not satisfied with the arrangement, but required the defendant to contract with a reliable general contractor who would construct the whole building. In carrying out this change of plan the plaintiff consulted with the various general contractors, furnished them information concerning the details of the building and the bids that she had received. Finally, on May 12, 1922, the general contract was awarded to F. W. Mark Construction Company, and on May 19, 1922, a written contract between the defendant and the general contractor was signed and sealed and was delivered to the Land Title and Trust Company on that day, the latter being the financial institution which was advancing the money or was guaranteeing to the persons who furnished the money the completion of the work in accordance with the contract and free from mechanics' liens.

When the contract with the Mark Construction Company was let, the plaintiff said to the defendant that she did not see how she could serve him advantageously from that time on, and from that date forward she rendered no additional services to the defendant.

On May 16, 1922, $500 was paid to the plaintiff by the defendant on account of the services rendered. The contract between the plaintiff and the defendant being conditioned upon their being able to construct the building through subcontractors—which condition was not carried out—the plaintiff's claim was necessarily based on the value of the services actually rendered.

The jury, after consideration of the whole matter, awarded her a verdict of $5270.

During the course of the trial the court allowed the plaintiff to testify as to the worth of her services and refused to allow a witness to testify as to the value of the plaintiff's services, on the ground that he had not made himself a

Franke v. Middle City Realty Corporation.

competent witness to express an opinion thereon because his knowledge of compensation for work of a character similar to that rendered by the plaintiff was on an annual basis of employment and not on that to be rendered on a particular job.

Exceptions were taken by the defendant to the above ruling of the court, and, after the verdict, these rulings were assigned as error and as reasons in support of a motion for a new trial on behalf of the defendant. Another reason urged in support of said motion was that the verdict was grossly excessive.

After a careful review of the questions raised by the above exceptions, we are not convinced that the court was in error in either receiving the testimony of the plaintiff (Wigmore on Evidence, § 715; Parmalee v. Wigent's Estate, 155 N. W. Repr. 577; Mercer v. Vose, 67 N. Y. 56) or rejecting that of the defendant's witness, Lewis.

The only remaining question is whether or not the verdict was excessive. To the work done for defendant the plaintiff gave practically her whole time during a period of five or six weeks. The plaintiff is neither a professional engineer nor an architect, and the alleged amount saved in the cost of construction of the building, credit for which is claimed by the plaintiff, amounting to $50,000, was not all due to the single suggestion of the plaintiff, as will clearly appear from the evidence. This saving was caused almost entirely by the substitution of cheaper materials for more expensive ones. For these five weeks of work we are of the opinion that a verdict of $5270 is grossly excessive, and that a recovery of not more than $2500 would liberally compensate the plaintiff for the services rendered by her.

Being of this opinion, we, therefore, conclude that unless the amount of the verdict in excess of the sum of $2500 is remitted by the plaintiff, the motion of the defendant for a new trial must be granted.